cr4-767.Graham.draft 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00767-CR







James Graham, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0941981, HONORABLE LARRY FULLER, JUDGE PRESIDING







PER CURIAM


 A jury found James Graham, appellant, guilty of bodily injury to a child. Act of
May 29, 1989, 71st Leg., R.S. ch. 357, § 1, 1989 Tex. Gen. Laws 1441, amended by Act of May
27, 1991, 72d Leg., R.S., ch. 497, § 1, 1991 Tex. Gen. Laws 1742 (Tex. Penal Code Ann.
§ 22.04, since amended). The court assessed punishment at ten years' imprisonment. By seven
points of error, appellant complains about the trial court's jury instructions, the admission of an
extraneous offense, and other evidentiary rulings. We will affirm the judgment of conviction.



FACTS


 Todd Davidson, a seven-year-old boy, lived with his mother, April Wood, and her
boyfriend, appellant. In January 1994, Todd's step-grandmother, Diane Boling, called police
when she noticed bite marks on Todd's arms and many bruises on the boy's arms and legs. Todd
told her that appellant had caused the bruises. Boling previously had seen appellant spank Todd
with a belt or a stick leaving bruise marks. She also had seen appellant hit the child's back with
his knuckles and squeeze him with his fingers. On those occasions she saw appellant hit Todd,
Boling thought appellant was inappropriately outraged and hysterical. Wood testified that she
knew appellant disciplined Todd by hitting him. She thought that appellant really lost control
when he bit Todd. Todd testified that appellant bit him and hit him with his hands and a stick. 
Officer Tracy Evenson, the officer responding to Boling's call to police, with the aid of
photographs taken during her investigation, described the bruises and bite marks she saw on
Todd's body and how they were in various stages of healing. During her investigation, Todd told
her that appellant hit him. Appellant told Dana Williamson, an investigator for Child Protective
Services who investigated Todd's injuries, that he bit Todd in order to get his attention and that
he felt the biting was justified to discipline the boy. Additionally, Sergeant John Romoser, a child
abuse police officer, investigated the incident for the police department and took two written
statements from appellant. In one of the statements, appellant admitted biting Todd. He
explained that he did not do so maliciously and had not intended to harm the child.



JURY INSTRUCTION


 By point of error one, appellant contends that the trial court fundamentally erred
by failing to apply the law to the facts when instructing the jury regarding appellant's justification
for his actions. The trial court instructed the jury on the charged offense of intentional or
knowing injury to a child and on the lesser offenses of reckless and negligent injury to a child. 
The trial court also instructed the jury pursuant to section 9.61 of the Penal Code (1):



 The use of force, but not deadly force, against a child younger than 18
years is justified if the actor is the child's parent or stepparent or is acting in loco
parentis to the child; and when and to the degree the actor reasonably believes the
force is necessary to discipline the child or to safeguard or promote his welfare.


 "In loco parentis" includes grandparent and guardian, any person acting by,
through, or under the direction of a court with jurisdiction over the child, and
anyone who has express or implied consent of the parents.



Appellant did not object to this instruction, but now asserts that the trial court fundamentally erred
by failing to include a statement that, "[I]f the State failed to disprove beyond a reasonable doubt
that appellant's conduct fell within the exception, they were required to vote `Not Guilty'." 

 If no proper objection to the jury charge is made at trial the error is "fundamental,"
the judgment will be reversed only if the error is so egregious and created such harm that the
appellant "has not had a fair and impartial trial." Tex. Code Crim. Proc. Ann. art. 36.19 (West
1981). The actual degree of harm must be assayed in light of the entire jury charge, the state of
the evidence, including the contested issues and weight of the probative evidence, the argument
of counsel, and any other relevant information revealed by the record of the trial court as a whole. 
Art. 36.19; Bailey v. State, 867 S.W.2d 42, 43 (Tex. Crim. App. 1993); Almanza v. State, 686
S.W.2d 157, 171 (Tex. Crim. App. 1984). Since appellant failed to object to the instruction given
at trial, in order to obtain a reversal he must now show that the trial court erred fundamentally
and that, by such error, he was deprived of a fair and impartial trial.

 After reviewing the entire record, the jury charge, the state of the evidence, and
the arguments of counsel, we conclude that the alleged error in the trial court's section 9.61
instruction was not so egregious as to have denied appellant an impartial trial. During closing
arguments, appellant and the State argued that, since appellant had admitted to biting and hitting
Todd, the only real issue was whether appellant's conduct could be considered discipline within
the parameters of the parental discipline justification. Considering the extent of Todd's injuries
and the nature of appellant's conduct, which included hitting and biting the child, we believe it
unlikely that a jury would consider appellant's acts to be a reasonable use of force for discipline. 
When the arguments of counsel are considered together with the section 9.61 instruction given by
the court, the jury understood that it was to acquit appellant if it found section 9.61 to apply. 
Finding no fundamental error, we overrule appellant's first point of error.


EVIDENTIARY RULINGS


 Two rules govern our resolution of most of appellant's remaining points of error. 
First, in order to preserve error, a party must present to the trial court a timely request, objection,
or motion stating the specific grounds for the ruling desired of the court; the party must also
obtain a ruling on the request, objection, or motion. Tex. R. App. P. 52(a). Second, the error
must harm the defendant to justify reversal. Tex. R. App. P. 81(b)(2). We must reverse the
judgment for trial error unless we determine beyond a reasonable doubt that the error made no
contribution to the conviction or punishment. Id.

 By point of error two, appellant contends that the trial court erred by failing to
grant appellant's motion for mistrial following the court's instruction to disregard testimony by
Wood that she had visited appellant in jail.

 The following exchange occurred during the State's direct examination of Wood,
a hostile witness:



Q: Ms. Wood, what's your relationship with Mr. Graham now? 


A: We are friends.


Q: Have you been visiting him in jail?


A: One time only. 


Q: Before he was arrested and placed in jail this last time, did you live together?


[Defense Counsel]: Your Honor, I'm going to object to that question.



A discussion took place at the bench out of the jury's hearing, during which appellant requested
an instruction that the jury disregard the comments about jail and moved for a mistrial. The court
declined to declare a mistrial, but instructed the jury: 



You will and are hereby instructed you will not refer to the last two questions of
the prosecutor for any manner, not to consider the last two questions. Some of you
don't even remember them and you are not to ask somebody what they were when
you get in the jury room. But that's the instruction of the Court and the Court
expects you to follow it.



 We presume that a jury will follow a judge's instruction to disregard, unless the
argument or other action is so prejudicial or extreme that its harmful effect cannot be removed. 
Gardner v. State, 730 S.W.2d 675, 696-97 (Tex. Crim. App. 1987), cert. denied, 484 U.S. 905
(1988). In this instance, the instruction to disregard cured any error. The statement about jail
was brief and, from the court's assessment of the jury's reaction, scarcely memorable. We further
hold that this testimony did not contribute to appellant's conviction. We overrule appellant's
second point of error.

 The State introduced into evidence exhibit 16, which was one of two written
statements appellant gave to police. By point of error three, appellant contends that the trial court
erred by failing to redact a portion of the statement because it contained information about an
irrelevant, extraneous offense that was extremely prejudicial to appellant.

 At trial, appellant objected to exhibit 16 in its entirety on the ground that it
included extraneous and irrelevant matters. The trial court overruled appellant's objection and
admitted the statement. Though appellant objected to the admission of exhibit 16 in its entirety,
he did not seek to have the court redact the portion of appellant's statement about which he
complains on appeal. Appellant's trial objection, while complaining of the statement's relevance
and mention of an extraneous matter, differs from his appellate point of error by which he claims
that the trial court erred by failing to redact only a portion of exhibit 16. The error presented on
appeal must be the same as the objection raised at trial. Allridge v. State, 762 S.W.2d 146, 157
(Tex. Crim. App. 1988), cert. denied, 109 S. Ct. 1176 (1989). Further, when an exhibit contains
both admissible and inadmissible material, the objection must specifically refer to the material
deemed objectionable. Brown v. State, 692 S.W.2d 497, 501 (Tex. Crim. App. 1985). Because
we conclude that he did not preserve error on this point, we overrule appellant's third point of
error.

 By point of error five, appellant contends that the trial court erred by improperly
allowing Evenson to relate Todd's outcry testimony. Appellant complains that the State gave him
twelve days notice of the outcry testimony, rather than the fourteen days, required by Texas Code
of Criminal Procedure article 38.072.

 The State responded to appellant's trial objection by stating that it had given
appellant notice as soon as the cause was set on the court's jury trial docket. The State claimed
that the cause had been "pushed to trial" since the cause went to trial on the first jury trial setting,
and that it did not have fourteen days available to notify appellant of the outcry testimony. The
State argues that it gave notice to appellant as soon as practicable.

 A child's outcry statement is admissible if the party intending to offer the statement
gives notice on or before the fourteenth day before the date the proceedings begin to the adverse
party of this intention, the trial court determines the statement to be reliable in a hearing
conducted outside of the jury's presence, and the child testifies or is available to do so in court
or in any other lawful manner. Tex. Code Crim. Proc. Ann. art. 38.072, § 2(b)(1)-(3) (West
Supp. 1996). Compliance with each element of article 38.072 is mandatory. Long v. State, 800
S.W.2d 545, 547-48 (Tex. Crim. App. 1990). Neglecting to provide the requisite notice does not
necessarily mandate reversal. Upton v. State, 894 S.W.2d 426, 429 (Tex. App.--Amarillo 1995,
pet. ref'd) (citing Fetterolf v. State, 782 S.W.2d 927, 930 (Tex. App.-- Houston [14th Dist.] 1989,
pet. ref'd)); Gottlich v. State, 822 S.W.2d 734, 737 (Tex. App.--Fort Worth 1992, pet. ref'd). 
The admission of outcry testimony without the proper predicate is subject to harmless error
analysis. Dorado v. State, 843 S.W.2d 37 (Tex. Crim. App. 1992).

 The fourteen-day notice requirement serves to minimize harmful surprise to the
opposing party. Upton, 894 S.W.2d at 429. In Fetterolf, the reviewing court was asked to
reverse a conviction because of late notice. The Fetterolf court determined that, though the
defendant did not receive the required notice, there existed no reversible error. Fetterolf, 782
S.W.2d at 930. In determining that no reversible error existed, the Fetterolf court noted the
appearance of the child victim as a live witness at trial and that no evidence existed in the record
that appellant's attorney was surprised by the substance of the outcry testimony. Id.; see also
Upton, 894 S.W.2d at 429.

 As in Upton and Fetterolf, the State, despite its claim that it gave notice as soon
as practicable, also failed to provide the mandatory fourteen days notice of outcry testimony. 
However, we note that Todd and the other witnesses testified comparably to the outcry testimony. 
Additionally, there is no evidence that appellant was surprised by the outcry testimony. 
Moreover, appellant freely cross-examined the outcry witness. Because the record reveals no
harm to appellant, we overrule appellant's fifth point of error.

 By point of error four, appellant complains that the trial court erred by permitting
the State to impeach Wood, its own witness. By point of error six, appellant contends that the
trial court erred by admitting hearsay statements by Todd under the guise of impeaching Wood. 
In the argument portion of his brief to this court, appellant also contends that the State improperly
impeached Romoser. The State responds that appellant failed to preserve error.

 Appellant did not object to the alleged improper impeachment of Wood. 
Moreover, Texas Rule of Criminal Evidence 607 allows the State to impeach its own witness
except when the State's primary reason for calling the witness is to impeach or introduce
otherwise inadmissible evidence. Garcia v. State, 887 S.W.2d 862, 873-74 (Tex. Crim. App.
1994). Appellant did not complain and the record does not reflect that the State's primary reason
for calling Romoser was to impeach him or that the impeachment was merely a charade by which
to introduce inadmissible evidence. We overrule appellant's fourth point of error.

 Appellant complains that the trial court improperly admitted hearsay testimony on
three occasions during the State's direct examination of Wood. Appellant did not object to two
of the three instances, and therefore preserved nothing for our review. Tex. R. App. P. 52(a). 
The hearsay statement to which appellant did object was duplicative of other unobjected-to
testimony that was elicited during trial. See Anderson v. State, 717 S.W.2d 622, 628 (Tex. Crim.
App. 1986), cert. denied, 110 S. Ct. 3232 (1990) (no reversible error when same facts shown by
other unobjected-to testimony). We conclude that the error, if any, was not reversible. We
overrule appellant's sixth point of error.

 By point seven, appellant contends that after considering all of his complaints, it
"becomes clear that appellant was harmed." Appellant cites no authority for this "cumulative
error" point. We have addressed each of appellant's points of error, and we conclude that any
error was harmless. We overrule appellant's seventh point of error.



CONCLUSION


 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: February 7, 1996

Do Not Publish

1.   Section 9.61 of the Penal Code provides as follows:


(a) The use of force, but not deadly force, against a child younger than 18
years is justified:


 (1) if the actor is the child's parent or stepparent or is acting in loco
parentis to the child; and 


 (2) when and to the degree that actor reasonably believes the force is
necessary to discipline the child or to safeguard or promote his
welfare. 

(b) For purposes of this section, "in loco parentis" includes grandparent
and guardian, any person acting by, through, or under the direction of
a court with jurisdiction over the child, and anyone who has express or
implied consent of the parent or parents. 


Tex. Penal Code Ann. § 9.61 (West 1994). It is a defense to prosecution that the conduct
in question is justified under chapter 9 of the Penal Code. Tex. Pen. Code Ann. § 9.02
(West 1994). Sections 9.02 and 9.61 were unchanged by the 1994 Penal Code
amendments.


 State, despite its claim that it gave notice as soon
as practicable, also failed to provide the mandatory fourteen days notice of outcry testimony. 
However, we note that Todd and the other witnesses testified comparably to the outcry testimony. 
Additionally, there is no evidence that appellant was surprised by the outcry testimony. 
Moreover, appellant freely cross-examined the outcry witness. Because the record reveals no
harm to appellant, we overrule appellant's fifth point of error.

 By point of error four, appellant complains that the trial court erred by permitting
the State to impeach Wood, its own witness. By point of error six, appellant contends that the
trial court erred by admitting hearsay statements by Todd under the guise of impeaching Wood. 
In the argument portion of his brief to this court, appellant also contends that the State improperly
impeached Romoser. The State responds that appellant failed to preserve error.

 Appellant did not object to the alleged improper impeachment of Wood. 
Moreover, Texas Rule of Criminal Evidence 607 allows the State to impeach its own witness
except when the State's primary reason for calling the witness is to impeach or introduce
otherwise inadmissible evidence. Garcia v. State, 887 S.W.2d 862, 873-74 (Tex. Crim. App.
1994). Appellant did not complain and the record does not reflect that the State's primary reason
for calling Romoser was to impeach him or that the impeachment was merely a charade by which
to introduce inadmissible evidence. We overrule appellant's fourth point of error.

 Appellant complains that the trial court improperly admitted hearsay testimony on
three occasions during the State's direct examination of Wood. Appellant did not object to two
of the three instances, and therefore preserved nothing for our review. Tex. R. App. P. 52(a). 
The hearsay statement to which appellant did object was duplicative of other unobjected-to
testimony that was elicited during trial. See Anderson v. State, 717 S.W.2d 622, 628 (Tex. Crim.
App. 1986), cert. denied, 110 S. Ct. 3232 (1990) (no reversible error when same facts shown by
other unobjected-to testimony). We conclude that the error, if any, was not reversible. We
overrule appellant's sixth point of error.

 By point seven, appellant contends that after considering all of his complaints, it
"becomes clear that appellant was harmed." Appellant cites no authority for this "cumulative
error" point. We have addressed each of appellant's points of error, and we conclude that any
error was harmless. We overrule appellant's seventh point of error.



CONCLUSION


 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: February 7, 1996