Holland-MA v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-109-CR

Â Â Â Â Â MICHAEL ANDREW HOLLAND,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 26,076-CR
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Michael Holland pleaded guilty to burglary of a habitation and the court assessed the agreed
punishment of ten years' incarceration. Tex. Penal Code Ann. Â§ 30.02 (Vernon 1994 & Supp.
1996). Because Holland failed to timely file a notice of appeal, we dismiss his appeal for want
of jurisdiction. Tex. R. App. P. 41(b)(1); Rodarte v. State, 860 S.W.2d 108, 109-10 (Tex. Crim.
App. 1993).
Â Â Â Â Â Â To appeal from his conviction and punishment, Holland must have filed a notice of appeal
within thirty days "after the day sentence [was] imposed or suspended in open court" or within
ninety days if a timely motion for new trial is filed. Tex. R. App. P. 41(b)(1). According to the
judgment in the transcript, his sentence was imposed on January 26, 1996. He filed his notice of
appeal on April 24, the eighty-ninth day after sentencing. There is no indication in the transcript
that he filed a motion for a new trial. Thus, his notice was fifty-nine days late. Id.; Rodarte, 860
S.W.2d at 109-10. He did not file a motion for an extension of time to file the notice of appeal. 
Tex. R. App. P. 41(b)(2); Olivo v. State, No. 442-95, slip op. at 4, 1996 WL 135625 *2-3 (Tex.
Crim. App. March 27, 1996). Because he did not file a timely motion for a new trial and his
notice of appeal was not filed within thirty days of sentencing, we do not have jurisdiction over
his appeal. Tex. R. App. P. 41(b)(1); Rodarte, 860 S.W.2d at 109-10.
Â Â Â Â Â Â We notified Holland of this jurisdictional defect by letter on May 30 sent to the address he
listed on the notice of appeal. Tex. R. App. P. 83. He has not responded to our notice.
Â Â Â Â Â Â Thus, we dismiss this cause for want of jurisdiction. Id. 41(b)(1); Rodarte, 860 S.W.2d at
109-10.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Davis, 
Â Â Â Â Â Â Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Â Â Â Â Â Â Justice Vance
Dismissed for want of jurisdiction
Opinion delivered and filed June 26, 1996
Do not publish



harge, the State was required to establish beyond a reasonable doubt
that, on or about November 1, 2005, and December 1, 2005, in Johnson County,
Texas, Holbert intentionally or knowingly cause[d] the sexual organ of [M.S.],
a child who was then and there younger than 14 years of age and not the spouse
of the defendant, to contact the sexual organ of the defendant.ÂÂ  To prove
counts three and four as set forth in the charge, the State was required to
establish beyond a reasonable doubt that, on or about November 1, 2005, and
December 1, 2005, in Johnson County, Texas, Holbert Âintentionally or
knowingly, with the intent to arouse or gratify the sexual desire of said
defendant, engage[d] in sexual contact by touching any part of the genitals of
[M.S.], a child younger than 17 years of age and not the spouse of the
defendant.ÂÂ  To prove counts five and six as set forth in the charge, the State
was required to establish beyond a reasonable doubt that, on or about November
1, 2005, and December 1, 2005, in Johnson County, Texas, Holbert Âintentionally
or knowingly, with the intent to arouse or gratify the sexual desire of said
defendant, engage[d] in sexual contact with [M.S.], a child younger than 17
years of age and not the spouse of the defendant, by touching the breast of
[M.S.].Â

M.S. testified that her mother began
dating Holbert in August 2005.Â  Shortly thereafter, Holbert and her mother
married, and he moved into their home in Cleburne.Â  One day at the beginning of
November 2005, about a month after Holbert had moved in, M.S. found herself
alone in the house with Holbert.Â  Holbert offered to give M.S. a massage in his
bedroom.Â  At first, Holbert massaged M.S.Âs shoulders and feet, but then, he
began working his hand up her leg and touched her vagina with his fingers.Â 
M.S. was Âfrozen and speechless.ÂÂ  Holbert then touched her breasts with his
hands, and Holbert and M.S. then had sexual intercourse.Â  M.S. stated that, during
November and December 2005, they had sexual intercourse six or more times and
that he touched her vagina and breasts with his hand on more than one
occasion.Â  Throughout this time, M.S. was only twelve years old.

M.S.Âs mother testified that in May
2006, she and M.S. had a conversation in which M.S. told her that Holbert Âhad gave
[sic] her a shoulder rub and that they were having sex in my bedroom.ÂÂ  M.S.
also told her that Holbert Âwould rub on her breasts.ÂÂ Â  Donna Wright, a
pediatric nurse practitioner and nurse manager for the Child Advocacy Resource
and Evaluation Team (the CARE Team) at Cook ChildrenÂs Medical Center in Fort
Worth, testified that she then examined M.S. in June 2006.Â  M.S. told her that when
she was twelve years old, Holbert had had sex with her in her momÂs room while
her mom was at work.Â  M.S. also stated that Holbert had Ârubbed on her vaginaÂ
and touched or fondled her breasts.Â  She said that it happened six times, the
last time being in December 2005.

Holbert testified that he believed
M.S.Âs mother had called on one occasion and he told her that he was going to
rub some Aspercreme on M.S.Âs shoulder because she had hurt it but that he had
never had any sexual contact with M.S.Â  He stated that it was ÂimpossibleÂ to
be alone with any child in the house because there were so many people living there.Â 
He said that he has children and thus would never do anything to hurt a child.Â 
He also has a family that he loves very much and would never do anything like
this to shame his or his familyÂs name.

Holbert argues that the evidence is
insufficient because Â[t]he record is completely devoid of any sufficient
details regarding any of the allegation [sic] to which the Appellant is
chargedÂ and Â[a]ny testimony regarding this incident is contradicted by statements
elsewhere in the record such as whether or not other persons were present in
the home, lotions being used or not used, [and] where and when any of these
crimes allegedly occurred.ÂÂ  By finding Holbert guilty, the jury obviously believed
M.S.Âs testimony and did not believe HolbertÂs testimony.Â  The jury is the
exclusive judge of the facts, the credibility of the witnesses, and the weight
to be given to the witnessesÂ testimony.Â  Jaggers v. State, 125 S.W.3d
661, 672 (Tex. App.ÂHouston [1st Dist.] 2003, pet. refÂd) (citing Penagraph
v. State, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981)).Â  A jury may believe
all, some, or none of any witnessÂs testimony.Â  Sharp v. State, 707
S.W.2d 611, 614 (Tex. Crim. App. 1986).Â  As the reviewing court, we Âshould not
substantially intrude upon the juryÂs role as the sole judge of the weight and
credibility of witness testimony.ÂÂ  Vasquez v. State, 67 S.W.3d 229, 236
(Tex. Crim. App. 2002); see also Sharp, 707 S.W.2d at 614.Â  We must
defer to the juryÂs determination concerning what weight to give the
contradictory testimonial evidence.Â  See, e.g., In re A.B., 133
S.W.3d 869, 873-74 (Tex. App.ÂDallas 2004, no pet.); Scugoza v. State,
949 S.W.2d 360, 362-63 (Tex. App.ÂSan Antonio 1997, no pet.); Fetterolf v.
State, 782 S.W.2d 927, 933 (Tex. App.ÂHouston [14th Dist.] 1989, pet.
refÂd).

Viewing all the evidence in the light
most favorable to the verdict, we conclude that the evidence is sufficient to
support HolbertÂs convictions.Â  We overrule HolbertÂs second and third issues.

We now turn to HolbertÂs first issue, in
which he contends that he did not receive effective assistance of counsel as
guaranteed by the United States and Texas constitutions.

To prevail on an ineffective assistance
of counsel claim, the familiar Strickland v. Washington test must be
met.Â  Wiggins v. Smith, 539 U.S. 510, 521, 123 S.Ct. 2527, 2535, 156
L.Ed.2d 471 (2003) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)); Andrews v. State, 159
S.W.3d 98, 101-02 (Tex. Crim. App. 2005) (same).Â  Under Strickland, the
appellant must prove by a preponderance of the evidence that (1) counselÂs
performance was deficient, and (2) the defense was prejudiced by counselÂs
deficient performance.Â  Wiggins, 539 U.S. at 521, 123 S.Ct. at 2535; Strickland,
466 U.S. at 687, 104 S.Ct. at 2064; Andrews, 159 S.W.3d at 101.Â  Absent both showings, an appellate
court cannot conclude the conviction resulted from a breakdown in the
adversarial process that renders the result unreliable.Â  Thompson v. State,
9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

The appellate court looks to the
totality of the representation and the particular circumstances of each case in
evaluating the effectiveness of counsel.Â  Id.Â  There is a strong
presumption that counselÂs actions and decisions were reasonably professional
and motivated by sound trial strategy.Â  See Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005); Stults v. State, 23 S.W.3d 198, 208
(Tex. App.ÂHouston [14th Dist.] 2000, pet. refÂd). Â To overcome the presumption
of reasonably professional assistance, any allegation of ineffectiveness must
be firmly founded in the record, and the record must affirmatively demonstrate
the alleged ineffectiveness.Â  Thompson, 9 S.W.3d at 813.Â  When the record
is silent regarding the reasons for counselÂs conduct, a finding that counsel
was ineffective would require impermissible speculation by the appellate
court.Â  Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.ÂHouston [1st
Dist.] 1996, no pet.) (citing Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994)).Â  Therefore, absent specific explanations for counselÂs
decisions, a record on direct appeal will rarely contain sufficient information
to evaluate an ineffective assistance claim.Â  See Bone v. State, 77
S.W.3d 828, 833 (Tex. Crim. App. 2002).

Â Â Â Â Â Â Â Â Â Â Â  Holbert first claims that
his trial counsel provided ineffective assistance because he introduced into
evidence letters that M.S.Âs mother had written to Holbert while Holbert was
confined in the county jail before trial.Â  During his cross-examination of
M.S.Âs mother, defense counsel introduced the letters and highlighted the fact
that, throughout the letters, M.S.Âs mother repeatedly asks for a divorce but
made only one brief reference in one letter about the allegations in this
case.Â  However, when defense counsel asked M.S.Âs mother why she never
addressed the allegations in the letters, she stated that a caseworker at the
Child Advocacy Center told her not to talk about it.Â  On redirect, the State
then pointed to several portions of the letters, and M.S.Âs mother explained that
they were subtle references to the allegations.Â  The State also asked M.S.Âs
mother what she meant when she wrote, ÂI was your wife and you had came [sic]
to me and talked about things that your mother did to you.ÂÂ  M.S.Âs mother
replied that Holbert made the inference to her that he had been sexually
molested by his mother.

Holbert argues that there could have
been no reasonable trial strategy for introducing the letters because they contain
highly prejudicial statements that bolstered the case against him, opened the
door to extraneous acts that would otherwise be inadmissible, set him up for
impeachment by the State, and diminished his credibility in front of the jury.Â 
Defense counsel indicated in his opening statement that he intended to
introduce evidence, including the letters, that suggested that the allegations
against Holbert were Âconcocted.ÂÂ  When we look at the record as a whole, we
cannot conclude that no reasonable attorney would have adopted this strategy.Â 
Without additional evidence regarding trial counselÂs strategic intent, we must
presume that trial counsel introduced the letters as part of a valid trial
strategy. Â See Salinas, 163 S.W.3d at 740; Gamble, 916 S.W.2d at
93.

Â Â Â Â Â Â Â Â Â Â Â  Second, Holbert claims that
his trial counsel provided ineffective assistance because he failed to object and
to request a limiting instruction when:Â  (1) M.S. testified during the StateÂs
direct examination of her that she and Holbert had engaged in oral sex on a few
occasions; (2) the State impeached HolbertÂs credibility by questioning him
about the details of his prior convictions, including the prior felony used to
enhance punishment; and (3) the State questioned Holbert during its
cross-examination of him about having eight children with six different women
out of wedlock.Â  But the record is silent as to defense counselÂs reasons for
not objecting to this testimony.Â  Without such evidence, we must conclude that
Holbert has not overcome the presumption that counselÂs actions and decisions
were reasonably professional and motivated by sound trial strategy.Â  See
Salinas, 163 S.W.3d at 740; Stults, 23 S.W.3d at 208.

Â  Â Â Â Â Â Â Â Â Â  Third, Holbert claims that
his trial counsel provided ineffective assistance because he failed to object
to the following prejudicial hearsay evidence introduced by the State:Â  (1) a ValentineÂs
Day card/letter that M.S.Âs mother testified was written by Holbert to M.S.;
(2) another ValentineÂs Day card/letter that M.S. testified was written by
Holbert to her; and (3) Detective Don BeesonÂs testimony concerning statements
M.S. made during the forensic interview at the Child Advocacy Center.Â  The
ValentineÂs Day cards/letters written by Holbert were not hearsay because they were
admissions by a party-opponent.Â  See Tex.
R. Evid. 801(e)(2)(A); Trevino v. State, 991 S.W.2d 849, 853
(Tex. Crim. App. 1999).Â  Furthermore, Holbert has provided no evidence
regarding defense counselÂs reasons for not objecting to any of this testimony.Â 
Without such evidence, we are unable to conclude that trial counselÂs
performance was deficient.Â  See Salinas, 163 S.W.3d at 740; Gamble,
916 S.W.2d at 93.

Â Â Â Â Â Â Â Â Â Â Â  Fourth, Holbert claims that
his trial counsel provided ineffective assistance because he failed to elicit
testimony to rebut or explain medical evidence offered by the State regarding a
sexually transmitted disease of the alleged victim, and, fifth, Holbert claims
that his trial counsel provided ineffective assistance because he failed to
adequately make an offer of proof regarding a defensive theory of the case.Â  However,
the record is again silent as to defense counselÂs reasons for his actions and
decisions.Â  To conclude that trial counsel was ineffective based on either of
these asserted grounds would call for speculation, which we will not do.Â  See
Jackson, 877 S.W.2d at 771; Gamble, 916 S.W.2d at 93.Â  Without such
evidence, we must conclude that Holbert has not overcome the presumption that
counselÂs decision to not elicit testimony about the victimÂs past sexual
behavior was reasonably professional and motivated by sound trial strategy.Â  See
Salinas, 163 S.W.3d at 740; Gamble, 916 S.W.2d at 93.

Â Â Â Â Â Â Â Â Â Â Â  Lastly, Holbert claims that his
trial counsel provided ineffective assistance because he Âcontinually
demonstrated a lack of knowledge and understanding of the law.ÂÂ  Specifically,
Holbert points out that on several occasions after the State made an objection
that the trial court sustained, his counsel asked the court to Ânote our
exceptionÂ and then requested a mistrial, which was denied.Â  Holbert also
states that his counselÂs request for a directed verdict was untimely.Â  Again,
the record is silent as to defense counselÂs reasons for his actions and
decisions; therefore, we are unable to conclude that trial counselÂs
performance was deficient.Â  See Salinas, 163 S.W.3d at 740; Gamble,
916 S.W.2d at 93.Â  Furthermore, we have already concluded that the evidence is
sufficient to support HolbertÂs convictions; thus, there is no evidence in the
record that HolbertÂs defense was prejudiced by these actions by counsel.Â  See
Williams v. State, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996) (stating that
appellate issue complaining of trial courtÂs failure to grant motion for
directed verdict is treated as challenge to legal sufficiency of evidence).

Â Â Â Â Â Â Â Â Â Â Â  We overrule HolbertÂs first
issue and affirm the trial courtÂs judgment.

Â 

REX D. DAVIS

Justice

Â 

Before
Chief Justice Gray,

Justice Davis, and

Justice Scoggins

Affirmed

Opinion
delivered and filed May 4, 2011 

Do
not publish

[CRPM]

Â