Richard John FETTEROLF, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–89–132–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 14, 1989.

Discretionary Review Refused March 14, 1990.

John J. Browne, Houston, for appellant.

Linda A. West, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Richard John Fetterolf, appeals his judgment of conviction for the offense of Indecency with a Child. TEXAS PENAL CODE ANN. § 21.11 (Vernon 1989). The jury found appellant guilty. Upon further finding the two enhancement paragraphs of the indictment to be true, the jury assessed punishment at 30 years confinement in the Texas Department of Corrections. We affirm.

Appellant brings six points of error. In his first point of error appellant asserts

that the trial court erred in admitting hearsay evidence under Article 38.072 of the TEX.CRIM.PROC.CODE ANN. (Vernon 1989) when the procedural requirements for admissibility under the statute were clearly ignored by the State. In his second point of error appellant asserts that appellant's conviction is void having been obtained through evidence introduced under an unconstitutional statute, to-wit, Article 38.072 of the TEX.CRIM.PROC.CODE ANN., in that it is violative of the confrontation clauses of the sixth amendment to the United States Constitution and Article 1, Sec. 10 of the Texas Constitution, and the Due Process Clause of the Fourteenth Amendment and the Due Course of Law provisions in Article I, Sec. 19 of the Texas Constitution. In his third point of error, appellant asserts the trial court erred in refusing appellant's request to instruct the jury as to the limited purpose for which the outcry witness' testimony was admitted. In his fourth point of error, appellant asserts the trial court erred in refusing appellant's request to instruct the jury on the lesser included offense raised by the evidence, to-wit, assault by contact, under Section 22.01(a)(3) of the TEX.PENAL CODE ANN. In his fifth point of error appellant asserts the evidence is insufficient to sustain his conviction. In his sixth point of error, appellant asserts his conviction is void in that it is based upon Sections 21.11 and 21.01 of the TEX.PENAL CODE ANN. which are inoperative in that they are vague, so indefinitely framed or of such doubtful construction that they cannot be understood.

The complainant, W.B., was a female child, ten years of age, on October 23, 1988 when the offense occurred. The complainant had spent the previous night, October 22, 1988, at the home of her ten-year old classmate, Dawn Rundle. Also present at the house were Dawn Rundle's mother and step-father, the appellant.

On direct examination, complainant testified as follows: complainant and her classmate, Dawn, had fallen asleep on the living room couch while watching T.V.; early the next morning the girls were awakened by a cat scratching on the window screen; appellant was then in the kitchen cooking bacon; the girls read books before dropping off to sleep again. Complainant testified she was re-awakened at about 6:30 a.m. when she felt appellant's hand underneath her T-shirt, rubbing her breast in a circular motion. Appellant was lying down on the floor in front of the couch. Complainant testified when she got up from the couch she saw that appellant's hand was situated on the seat of the couch upon which complainant had been sleeping; complainant stated that appellant's hand then fell down beside him on the floor. Complainant testified she confided in her ten-year old classmate, Dawn, about the occurrence but that Dawn responded that appellant would not do what complainant had described. Complainant then accompanied Dawn, Dawn's mother and appellant to a park. After the outing in the park, Dawn's mother and appellant drove complainant back to her own home and complainant made her outcry statement to her mother immediately upon arriving. The authorities were contacted.

In his first point of error, appellant asserts the trial court erred in permitting the outcry witness to testify as to what complainant related to her because the procedural requirements of Article 38.072 were not satisfied by the State. TEX.CODE CRIM.PROC.ANN. art. 38.072. (Vernon 1989). Appellant, therefore, complains that the outcry testimony of the complainant's mother violated the child outcry hearsay exception. Article 38.072 reads in relevant part as follows:

Sec. 1. This article applies to a proceeding in the prosecution of an offense under any of the following provisions of the Penal Code, if committed against a child 12 years of age or younger.

(1) Chapter 21 (Sexual Offenses) or 22 (Assaultive Offenses);

\* \* \* \* \* \*

Sec. 2. (a) This article applies only to statements that describe the alleged offense that:

(1) were made by the child against whom the offense was allegedly committed; and

(2) were made to the first person, 18 years of age or older, other than the defendant, to whom the child made a statement about the offense.

(b) A statement that meets the requirements of Subsection (a) of this article is not inadmissible because of the hearsay rule if:

(1) on or before the 14th day before the date the proceeding begins, the party intending to offer the statement:

(A) notifies the adverse party of its intention to do so;

(B) provides the adverse party with the name of the witness through whom it intends to offer the statement; and

(C) provides the adverse party with a written summary of the statement;

(2) the trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement; and

(3) the child testifies or is available to testify at the proceeding in court or in any other manner provided by law.

■ Prior to the testimony of the outcry witness (the complainant's mother), defense counsel objected on the record that he had been provided with written notice of the outcry statement on February 6, 1988, which was only one day before the jury was selected as opposed to fourteen days before trial as prescribed by the statute recited above. The record further reveals that a discussion then ensued between defense counsel and the prosecutor before the Court. The prosecutor informed the Court that this case had previously been set for trial on January 3, 1988; that the prosecutor had opened his file to the defense counsel; that defense counsel had accessed the file and was aware both of the statement and the content of the outcry witness and also of the State's subpoena list. Defense counsel not only conceded the validity of this information but he, himself, notified the Court that by reading the State's file a reasonable person could deduce or anticipate who the outcry witness was. Defense counsel then explained that his objection was that notice of the outcry testimony was never stated officially to him. Further, the record reflects that defense counsel had actual notice of the outcry testimony of complainant's mother through way of the written statement of complainant.

The procedural requirements of article 38.072 which the State failed to satisfy were the notice and hearing requirements, the purpose of which are to prevent surprise to appellant's counsel. Since the complainant did provide live testimony at trial and since there is no evidence in the record that appellant's attorney was surprised by the outcry testimony of the complainant's mother, there was no prejudice to appellant's case by admission of the outcry testimony. *Brown v. State*, 756 S.W.2d 793, 797 (Tex.App.—Houston [14th Dist.], 1988, pet. ref'd); *Hupp v. State*, 729 S.W.2d 355 (Tex.App.—Dallas 1987) (vacated and remanded for analysis of parole charge under *Hupp v. State*, 761 S.W.2d 10 (Tex.Crim. App.1988). Appellant's point of error one is overruled.

■ In his second point of error, appellant asserts that TEX.CODE.CRIM. PROC.ANN. art. 38.072 (Vernon 1989) is unconstitutional as violative of his right to be confronted with the witnesses against him and his rights to due process and due course of law. Specifically, appellant contends that article 38.072 is unconstitutional for the same reason that the court of criminal appeals declared article 38.071 TEX. CODE CRIM.PROC.ANN. (Vernon 1979) unconstitutional in *Long v. State*, 742 S.W.2d 302 (Tex.Crim.App.1987). We do not agree. In the first instance, in order to have standing to challenge the constitutionality of a statute, the challenger must first demonstrate that, in its operation, the complained of statute is unconstitutional as to the challenger in his own situation. *Ulster County Court v. Allen*, 442 U.S. 140, 99

S.Ct. 2213, 60 L.Ed.2d 777 (1979). *Parent v. State*, 621 S.W.2d 796 (Tex.Crim.App. 1981). We find that appellant has failed to demonstrate that Article 38.072 is unconstitutional as to him in his situation for a variety of reasons. We emphasize to appellant that the basis upon which the court of criminal appeals held article 38.071 unconstitutional is not applicable to article 38.072. In *Long*, the court of criminal appeals ruled article 38.071 to be unconstitutional because it allowed the State to introduce into evidence a videotaped interview of the child/complainant and then wait for the defendant to choose between calling the witness, thereby allowing the State to repeat the substance of the videotaped statement, or to give up the right to confront his accuser by not calling the witness. Unlike the trial in *Long*, in the case before us, there was no videotaped interview of the complainant made by a representative of the State out of the defendant's presence which was played for the jury during the State's case-in-chief. Unlike the trial in *Long*, the State did not call the complainant as a rebuttal witness to bolster an unimpeached videotape. Further, unlike the trial in *Long*, the complainant in the instant case provided live testimony at trial on direct examination and she was cross-examined at length by appellant's defense counsel. In summary, unlike the trial in *Long*, the State's case against appellant was developed in the courtroom in the presence of appellant who had a full opportunity to cross-examine the State's witnesses. We do not find article 38.072 unconstitutional as applied in this case. *Rainey v. State*, 763 S.W.2d 470 (Tex.App.—Houston [14th Dist.] 1988, no pet.); *Mares v. State*, 758 S.W.2d 932 (Tex.App.—El Paso 1988, pet. ref'd); *Buckley v. State*, 758 S.W.2d 339 (Tex.App.—Texarkana 1988, pet. granted). Appellant's point of error two is overruled.

■ In his third point of error, appellant submits the trial judge erred in refusing to include in the court's charge to the jury his requested instruction that the mother's testimony of complainant's outcry was admitted for a limited purpose, that being, "as per the statute and not for the truth of the matter asserted."

We refer appellant to Article 38.072 which provides in Section 2(b) as follows:

A statement that meets the requirements of Subsection (a) of this article is not inadmissible because of the hearsay rule if [certain criteria are met, those being notice to the defense, reliability of the statement, and availability of the child to testify].

It is our view the statute created an exception to the hearsay rule for the outcry statements of abused children. As to the intent of the Legislature in creating such a statutory exception to the hearsay rule, the Texarkana Court of Appeals in *Buckley*, 758 S.W.2d at 339 supra, provided the following information:

The Bill Analysis of House Bill 579 (69th Legislature), which became Article 38.-072 of the Code of Criminal Procedure, sets forth the following under the heading "Background Information":

Under current rules of evidence, out-of-court statements offered at trial as proof of the matter are inadmissible as hearsay. Various exceptions to the hearsay rule exist when the circumstances make the out-of-court statements reliable. Currently, there are few exceptions for the statements of a child who is the victim of a crime, other than the general "excited utterance" exception developed in Texas case law. *Buckley*, 758 S.W.2d at 342–343.

We conclude that the drafters of Article 38.072 intended to make it possible for the outcry statements of children to be admissible into evidence as an exception to the hearsay rule. Accordingly, appellant's request for a limiting instruction as to the outcry testimony of complainant's mother was inapplicable and we find that the trial court properly denied appellant's request. Appellant's point of error three is overruled.

■ In his fourth point of error, appellant contends the trial court should have

submitted to the jury the charge of the lesser included offense of assault by contact with another. TEXAS PENAL CODE ANN. § 22.01(a)(3) (Vernon 1989). A principle fundamental to Texas criminal jurisprudence is that when evidence from any source raises an issue that a lesser included offense may have been committed and a jury charge is properly requested, the issue must be submitted to a jury. *Ormsby v. State*, 600 S.W.2d 782, 785 (Tex.Crim.App. 1979). The court of criminal appeals has re-emphasized this proposition in *Hayes v. State*, 728 S.W.2d 804, 807 (Tex.Crim.App. 1987): "... an accused is entitled to an instruction on every defensive theory raised by the evidence. This is true regardless of whether such evidence is strong or weak, unimpeached or contradicted, and regardless of what the trial court may or may not think about the credibility of this evidence." In addition, the court of criminal appeals has articulated with precision the analysis to be utilized in evaluating the propriety of inclusion in the jury charge of the lesser included offense: "Thus, in determining whether a charge on a lesser included offense is required, a two-step analysis is to be used. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Secondly, there must be some evidence in the record that if the defendant is guilty, he is guilty only of the lesser included offense." *Parr v. State*, 658 S.W.2d 620, 622 (Tex.Crim.App.1983) citing *Royster v. State*, 622 S.W.2d 442, 446 (Tex.Crim.App.1981, *op. on reh'g*).

In the case before us, we find that appellant failed to satisfy the second prong of the test recited above. Appellant did not even remotely show that he was guilty of the lesser offense of assault by contact. There was no evidence from any source to show that appellant was guilty of intentionally or knowingly causing physical contact with the complainant when appellant knew or should have reasonably believed that the complainant would regard the contact as offensive or provocative. *See* TEXAS PENAL CODE ANN. § 22.01(a)(3) (Vernon 1989). Quite the reverse. The complainant's testimony that appellant touched her breast in a circular motion is not at all controverted in the record before us. We conclude there was no evidence from any source to support appellant's defensive theory that his physical contact with complainant was *not* sexually motivated so as to warrant the inclusion in the charge to the jury of the lesser offense of assault by contact. Appellant's point of error four is overruled.

In his argument in his brief, appellant consolidates his fifth and sixth points of error. Point of error five challenges the sufficiency of the evidence to sustain appellant's conviction. Point of error six asserts the applicable statutes of the TEXAS PENAL CODE, § 21.11 and § 21.01 (Vernon 1989) to be indefinite and void for vagueness under the 14th Amendment to the U.S. Constitution and under article 1, § 19 of the Texas Constitution.

■ As to appellant's challenge to the sufficiency of the evidence, he argues that complainant's testimony that she felt appellant's hand circling on her breast is insufficient to show that appellant actually touched her breast. When confronted with a challenge to the sufficiency of the evidence, an appellate court must determine whether, viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989). The appellate courts ensure only the rationality of the fact finder in serving as a final due process safeguard. *Moreno v. State*, 755 S.W.2d 866 (Tex.Crim.App.1988). The jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given their testimony. *Esquivel v. State*, 506 S.W.2d 613 (Tex.Crim.App.1974). This court cannot pre-empt findings of fact made by the trier of fact. TEX.PENAL CODE ANN. § 21.11(a) provides in pertinent part:

A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he

(1) engages in sexual contact with the child ...

"Sexual contact" is defined in TEX.PENAL CODE ANN. § 21.01(2) as:

... any touching of the anus, breast or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person.

The requisite intent to arouse one's sexual desire can be inferred from conduct, remarks and an examination of the surrounding circumstances. *McKenzie v. State*, 617 S.W.2d 211, 216 (Tex.Crim.App. 1981). Complainant testified that appellant's hand actually circled her breast. A jury is entitled to accept one version of facts and reject another or to accept or reject any part of a witness' testimony. *Penagraph v. State*, 623 S.W.2d 341 (Tex.Crim.App.1981). The jury in the case before us clearly believed that appellant touched the complainant to arouse his sexual desire and was not engaged in some innocent activity. Consistent with our duty to view the evidence in the light most favorable to the verdict, we find that a rational trier of fact could have found beyond a reasonable doubt that appellant touched the child with the intent to arouse his sexual desire. Appellant's point of error five as to the sufficiency of the evidence is overruled.

Appellant's constitutional challenges to sections 21.11 and 21.01 rest upon his contention that the inclusion of the term "breast" within the definition of sexual contact is capable of multiple meanings so as to render the term inoperable. We do not agree. We find there is no question as to the meaning of the term "breast" in the record before us. Complainant provided testimony that was clear and unequivocal as to that part of her anatomy contacted by appellant's hand. There was evidence that complainant wore a so-called "training bra" during the day. Complainant used the term "breast" to refer to same. Complainant testified that appellant's hand "circled on her breast." As to this appellant, the statutes are not vague because the complainant's testimony was most definite on the term "breast."

In *Parker v. Levy*, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974), the United States Supreme Court wrote: "One to whose conduct a statute clearly applies may not successfully challenge it for vagueness." *Parker*, 417 U.S. at 756, 94 S.Ct. at 2562. Further, when challenging the constitutionality of a statute, it is incumbent upon a defendant to show that in its operation the statute is unconstitutional as to him in his situation; that it may be unconstitutional as to others is not sufficient. *Parent v. State*, 621 S.W.2d 796 (Tex.Crim.App.1981); *Briggs v. State*, 740 S.W.2d 803 (Tex.Crim.App.1987). We find that the record contains clear and definite evidence as to the precise meaning of the term "breast" as used by complainant in her testimony in this case. We hold that the statutes were not unconstitutionally vague as applied to this particular appellant. Appellant's point of error six is overruled.

Accordingly, we affirm the judgment of the trial court.