Hutchinson v. State 







AFFIRMED
JULY 26, 1990

NO. 10-89-080-CR
Trial Court
# 88-878-C
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

RICHARD WAYNE HUTCHISON,
   Appellant
v.

THE STATE OF TEXAS,
   Appellee

* * * * * * * * * * * * *

 From 54th Judicial District Court
McLennan County, Texas

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
Pleading not guilty, appellant Richard Wayne Hutchison was
found guilty by a jury of the offense of aggravated sexual assault. 
Punishment was assessed by the jury at confinement in the Texas
Department of Corrections for a term of twenty-five years. Appellant seeks reversal of his conviction on six points of
error asserting that (1) the trial court failed to determine in a
pretrial hearing that the outcry statement of the child victim to
her aunt was sufficiently reliable to be admitted into evidence;
(2) the State of Texas did not comply with the requirements of
Article 38.072 of the Texas Code of Criminal Procedure; (3) the
trial court erred in admitting into evidence a written statement
made by appellant to a Texas Department of Human Services Agent
because it was obtained in violation of appellant's Miranda rights;
(4) the trial court erred in determining that the written statement
of appellant was a voluntary statement; (5) the trial court erred
in refusing to give a limiting instruction to the jury regarding
the outcry testimony; (6) the trial court erred in denying
appellant his right to confrontation and cross-examination of the
complainant by allowing the State to introduce into evidence a tape
recording of the child made three days prior to trial. We overrule
these contentions and we affirm the judgment.
Appellant was indicted for aggravated sexual assault on
allegations that he had knowingly and intentionally caused his
sexual organ to penetrate the mouth of Eulisha Johnson, a child
younger than fourteen years of age and not the spouse of appellant. 
In a pre-trial hearing, appellant sought to have the "outcry"
testimony of Carolyn Johnson, Eulisha Johnson's aunt, excluded. 
The court denied the motion in limine request and allowed the
testimony to be offered into evidence. 
In points of error one and two, appellant complains that the
State did not comply with the requirements of Article 38.072 of the
Texas Code of Criminal Procedure which deals with the admissibility
of outcry testimony. An outcry statement is a statement that
describes the offense, made by a child twelve years of age or
younger against whom the offense was committed, to the first person
eighteen years of age or older. This testimony may not be
inadmissible because of hearsay if certain requirements of Article
38.072 are met. 
The party intending to offer the statement must notify the
adverse party of its intention to do so, provide the party with the
name of the witness through whom it intends to offer the statement,
and provide the adverse party with a written summary of the
statement on or before the fourteenth day before the date the
proceeding begins. Additionally, the trial court must find from a
hearing held outside the presence of the jury that the statement is
reliable based on the time, the content, and the circumstances of
the statement; and the child must testify or be available to
testify at the proceeding in court or in any other manner provided
by law. 
Appellant complains that the reliability of the statement of
the outcry witness was not determined in a hearing outside the
presence of the jury prior to the commencement of trial. The
records show that a pretrial hearing was held to discuss the matter
of the admissibility of the hearsay statement made by the child
regarding the sexual assault against her. Appellant made a general
objection at trial which was not sufficient to apprise the court as
to his present complaint. He merely objected that the outcry
statement "should not be allowed because of failure to comply with
Article 38.072 of the Texas Code of Criminal Procedure, and the
fact that the Defendant and his attorney were not notified of the
outcry witness's testimony." The court correctly overruled the
objection because it did not specify which of the many subsections
of Article 38.072 the outcry statement violated. Since the
objection was general, it preserved nothing for appeal. Rule
52(a), Tex.Rules App.Proc.; Lewis v. State, 664 S.W.2d 345 (Tex.
Cr. App. 1984). Point of error one is overruled.
Appellant complains that he did not get notice from the state
at least fourteen days before trial that it would use any outcry
witness testimony. Appellant's first attorney, Mr. Goble,
testified that he received a summary of the statement of the outcry
witness from the District Attorney's office in the mail and that he
read this letter. He also testified that he remembered that Mr.
Morris, appellant's present attorney, looked over the District
attorney's file at the arraignment hearing on February 17, 1989,
preceding the trial in April. The record reveals a letter to Mr.
Goble dated January 26, 1989, which gave the notice required by
Article 38.072. This letter was a summary of the expected
testimony of the outcry witness. The prosecuting attorney
testified that he gave the entire file of the state to Mr. Morris
to review at the hearing on February 17th. He also testified that
he told Mr. Morris that the outcry witness, Carolyn Johnson, would
be called as a witness. Appellant had notice through his first
attorney on January 26th that an outcry witness would be called and
then again when his present attorney reviewed the entire file on
February 17th. In a factually similar case, the court in Fetterolf
v. State, 782 S.W.2d 927 (Tex.App.--Houston [14th Dist.] 1989, pet.
ref.), held that there was no prejudice to the defendant's case by
admission of the outcry testimony. In that case, the defendant's
attorney looked at the state's file and the defense counsel had
knowledge of the statement and the contents of that statement. The
defendant's counsel not only conceded the validity of this
information, but he notified the court that a reasonable person
could have deduced who the outcry witness was. Basically, his
objection was that notice of the outcry testimony was never stated
officially to him orally or by way of written complaint. The
procedural requirements of article 38.072 are to prevent surprise
to the defendant and his counsel. Since the complainant did
provide live testimony at trial and there was no evidence in the
record that the defendant's attorney was surprised by the outcry
testimony, the court of appeals ruled that there was no prejudice
to the defendant's case by admission of the outcry testimony. 
Fetterolf, 782 S.W.2d at 930. In our case, there was never any
complaint by appellant of surprise or prejudice by reason of lack
of notice. Appellant had the opportunity to review the state's
file at the arraignment hearing in February. He had notice in
January by letter to his attorney. The letter summarized the
outcry witness's testimony. The trial began in April. Appellant
had sufficient notice of the testimony. Point of error two is
overruled. 
In his third and fourth points, appellant complains that the
trial court erred in admitting into evidence an involuntary
statement which was allegedly obtained in violation of his Miranda



rights. Ms. Bachicha, a caseworker for the Texas Department of
Human Services, testified that she took appellant's statement when
he came into the office with his girlfriend, the child victim's
mother. Ms. Bachicha testified that she did not consider him under
arrest nor did she have the authority to make an arrest. After a
complaint is made, it is DHS policy to take a statement from a
potential abuser in order to clarify what has been done to the
child. She testified that this is not done for criminal
prosecution purposes but for determining the actual events which
led to the complaint. She testified that she did not give any
Miranda warnings, but she did tell appellant that he had the right
to terminate the interview at any time and was free to leave. 
After asking appellant if he would like to talk to the police, they
decided to go the next day. Appellant himself testified that he
voluntarily came back the next day to go to the police. 
Ms. Bachicha testified that it was her job responsibility to
notify the Police Department of sex abuse cases. She asked the
appellant if he would write out a statement and he agreed. It is
DHS policy to get a statement from the offender if he is willing to
give one. She testified that she had the intent to give the
statement to the police all along, yet appellant inconsistently
testified that his girlfriend, Doris Johnson, promised him that if
he talked to Ms. Bachicia he would not be arrested. 
Miranda v. Arizona holds that statements stemming from
custodial interrogation are admissible unless they demonstrate the
use of procedural safeguards which were effective to secure the
privilege against self-incrimination. The court defined custodial
interrogation as questioning initiated by law enforcement officers
after a person has been taken into custody or otherwise deprived of
his freedom of action in any significant way. Appellant knew that
he was free to leave DHS and Ms. Bachicha. He testified to that
fact. He came into the DHS because his girlfriend encouraged him
to do so. Although Doris Johnson testified that Ms. Bachicha told
appellant that he would not be arrested if he came in, his presence
was still voluntary and not under the duress of a law enforcement
officer. The only duress imposed upon him was that of his
girlfriend. Contrary to appellant's argument, the record does
establish that Ms. Bachica was "acting as an agent of law
enforcement pursuant to a police practice." See Paez v. State, 681
S.W.2d 34, 37 (Tex.Cr.App.1984).
There are several factors to be considered in determining
whether or not a defendant is in custody. They include probable
cause to arrest, subjective intent of the police, focus of the
investigation, and subjective belief of the defendant which are all
relevant to the determination of custody for interrogation
purposes. United States v. Phelps, 443 F.2d 246 (5th Cir. 1971). 
The determination of custody is made upon the totality of the
circumstances. Here, both appellant and Ms. Bachica testified that
he voluntarily returned to DHS the second day. Ms. Bachicha was
not a law enforcement officer and could not force him to return to
the DHS. He came by his own persuasion. 
Appellant asserts in his brief that Ms. Bachicha, as DHS
agent, coerced and induced him to make the incriminating statement. 
He asserts that his statement was taken under the premise that Ms.
Bachicha would help him regain custody of his future step-daughter. 
Ms. Bachicha testified that she informed appellant that he had the
right to terminate the interview at any time and that he was free
to leave. Additionally, appellant testified that his girlfriend
informed him that if he would go to the DHS and make a statement
that he would not be arrested. Ms. Bachicha testified that she
never said that to Ms. Johnson. Even if it were true, appellant
was under no coercion by a law enforcement officer to make the
statement. He was not under arrest and he was not in custody. He
had a choice and he voluntarily confessed. Appellant does have the
right to a determination of the voluntariness of the confession
before it is submitted to the jury by way of a fair hearing and a
reliable determination. Jackson v. Denno, 369 U.S. 375, 377, 84
S.Ct. 1774, 12 L.Ed.2d 908 (1964). The court held a pretrial
hearing where appellant objected to the use of the confession at
trial. The trial judge heard testimony from Ms. Bachicha and from
appellant and determined that the confession was reliable and
voluntary. Points of error three and four are overruled. 
Appellant complains in his fifth and sixth points that the
trial court erred in refusing to give a limiting instruction to the
jury to the effect that the outcry testimony could be considered
only for the purpose of showing "that the communication allegedly
took place," and that he was denied his full right to confrontation
and cross-examination of the complainant by the court's allowing
the state to introduce into evidence a tape recording of an
interview of the child made three days prior to trial. In
Fetterolf, the defendant complained that the trial court erred in
refusing to include in the court's charge an instruction to the
jury that the outcry testimony was admitted for a limited purpose. 
The court of appeals held that pursuant to and in accordance with
the intent of the Legislature in creating such an exception to the
hearsay rule, the request for a limiting instruction as to the
outcry testimony was inapplicable. 782 S.W.2d at 931. We agree
with this ruling. The statement was admissible under Article
38.072 for its full probative value. Point five is overruled. 
The full opportunity for cross-examination at trial in the
defendant's presence provides meaningful confrontation. Mares v.
State, 758 S.W.2d 932, 934 (Tex. App.--El Paso 1988, pet. ref.). 
Eulisha Johnson was present at the trial and the appellant had the
opportunity to cross-examine her as to the matters in the tape
recording as well as to the matters raised at trial. Additionally,
the tape recording was admitted before the jury only for
impeachment purposes after the child victim had testified in favor
of appellant by denying that the offense had been committed. Point
of error number six is overruled.
 The judgment is affirmed.
 
                          VIC HALL
DO NOT PUBLISHJustice