Phyllis Rich v. Jack Seeley















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-056-CV

Â Â Â Â Â PHYLLIS RICH,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â JACK SEELEY,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 82nd District Court
Falls County, Texas
Trial Court # 33,392-D
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Phyllis Rich filed suit against Jack Seeley seeking a divorce from the partiesâ alleged common-law marriage. Following a bench trial, the court rendered judgment that the parties did not have
a common-law marriage. Rich appeals. 
Â Â Â Â Â Â Rich timely filed a notice of appeal. The clerkâs record was filed in this Court on March 8,
2001, and the reporterâs record was filed on May 7. Rich filed one motion for an extension of
time to file her brief, which we granted on June 13. Following this extension, Richâs brief was
due on June 25. To date, no appellantâs brief has been filed. See Tex. R. App. P. 38.6(a). 
Â Â Â Â Â Â Appellate Rule 38.8(a)(1) provides that if an appellant fails to timely file her brief, the Court
may:
dismiss the appeal for want of prosecution, unless the appellant reasonably explains the
failure and the appellee is not significantly injured by the appellantâs failure to timely file
a brief.

Id. 38.8(a)(1).
Â Â Â Â Â Â More than thirty days have passed since Richâs brief was due. We notified her of this defect
by letter dated September 17, 2001. Id. 42.3, 44.3. She has not responded to our letter showing
grounds for continuing the appeal, nor has she provided a reasonable explanation for failing to file
a brief. Id. 42.3, 38.8(a)(1). Therefore, this appeal is dismissed for want of prosecution. Id.
38.8(a)(1).
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM
Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Dismissed for want of prosecution
Opinion delivered and filed January 16, 2002
Do not publish
[CV06]



e cocaine. 
The baggy was still wet with saliva and had mud on it.Â  Richardson said that
the baggy was not his, but Richardson was arrested on the prior warrants and
possession of cocaine.Â  A chemist for the Department of Public Safety Crime
Laboratory in Garland testified that the substance in the baggy contained
cocaine, and the contents weighed 0.02 grams.

Â Â Â Â Â Â Â Â Â Â Â  Lola Richardson testified
that there had been a family get-together at her home earlier in the evening,
but later that night, she and Richardson had a heated argument.Â  Richardson
wanted to come inside the house, but she did not want him to come in, and he
began banging on the window.Â  She called 9-1-1 and told the dispatcher that she
and Richardson were having an argument and that she needed someone to come get
him.

Â Â Â Â Â Â Â Â Â Â Â  When the police arrived,
they talked to Richardson and then came to her front door.Â  Two police officers
came into her living room to talk to her while Richardson was outside.Â  She
told the officers that she and Richardson were having an argument, that he had
been drinking, and that she wanted him to leave.Â  She did not tell them that
Richardson was high on cocaine.Â  When the officers went back outside, she went
to the window and saw Richardson handcuffed and leaning over the truck.Â  She
watched until they put Richardson in the car and drove off.Â  She never saw
Richardson drop or spit anything.

Â Â Â Â Â Â Â Â Â Â Â  Richardson testified that he
and Lola had gotten into an argument and that she went inside and locked the
door.Â  When the police arrived, he was sitting in his truck.Â  He told the
officer that he and Lola were having an argument and that he was going to stay
out in the truck.Â  The officer then went to talk to Lola.Â  He did not tell
Richardson to do anything.Â  While the officer talked to Lola, Richardson got
back into his truck where he was drinking a beer.

Â Â Â Â Â Â Â Â Â Â Â  Richardson further testified
that after talking to Lola, the officer called in to see if Richardson was
wanted.Â  Richardson was wanted for a hot check and a ticket.Â  The officer
handcuffed Richardson before the warrants were confirmed.Â  While handcuffed,
Richardson noticed that the officer had a flashlight pointed on the ground on a
crack pipe.Â  Richardson stated that the officer claimed that it was
RichardsonÂs, but it was not.Â  The officer who was standing four or five feet
away from Richardson then looked next to his own foot and picked up a little
baggy and said Âwe got him now.ÂÂ  Richardson stated that the only way the baggy
could have gotten there is by the officer putting it there; he never spit
anything out.Â  Richardson claimed that the officer set him up because they were
tired of him.

Â Â Â Â Â Â Â Â Â Â Â  A person commits an offense
if he knowingly or intentionally possesses less than one gram of cocaine.Â  See
Tex. Health & Safety Code Ann. Â§Â§
481.102(3)(D), 481.115(a), (b) (Vernon 2010).Â  Richardson argues that the
evidence is insufficient to support his conviction because ÂWilderÂs version of
events is not logical or reasonable.ÂÂ  Richardson points to LolaÂs testimony
that Wilder went inside the house to speak with her.Â  He argues that if he had
had cocaine and a crack pipe, he would have disposed of them during this time
when he was left unsupervised.Â  Richardson also relies on his own testimony
that Wilder planted the drugs so that he could arrest Richardson and remove him
from the premises.Â  However, by finding Richardson guilty, the jury obviously
believed WilderÂs version of events and disbelieved RichardsonÂs.

The jury is the exclusive judge of the
facts, the credibility of the witnesses, and the weight to be given to the
witnessesÂ testimony.Â  Jaggers v. State, 125 S.W.3d 661, 672 (Tex.
App.ÂHouston [1st Dist.] 2003, pet. refÂd) (citing Penagraph v. State,
623 S.W.2d 341, 343 (Tex. Crim. App. 1981)).Â  A jury may believe all, some, or
none of any witnessÂs testimony.Â  Sharp v. State, 707 S.W.2d 611, 614
(Tex. Crim. App. 1986).Â  As the reviewing court, we Âshould not substantially
intrude upon the juryÂs role as the sole judge of the weight and credibility of
witness testimony.ÂÂ  Vasquez v. State, 67 S.W.3d 229, 236 (Tex. Crim.
App. 2002); see also Sharp, 707 S.W.2d at 614.Â  We must defer to the
juryÂs determination concerning what weight to give any contradictory
testimonial evidence.Â  See, e.g., In re A.B., 133 S.W.3d 869,
873-74 (Tex. App.ÂDallas 2004, no pet.); Scugoza v. State, 949 S.W.2d
360, 362-63 (Tex. App.ÂSan Antonio 1997, no pet.); Fetterolf v. State,
782 S.W.2d 927, 933 (Tex. App.ÂHouston [14th Dist.] 1989, pet. refÂd).

Viewing all the evidence in the light
most favorable to the verdict, we thus conclude that a rational trier of fact
could have found Richardson guilty of the offense of possession of a controlled
substance beyond a reasonable doubt.Â  We overrule RichardsonÂs issues and affirm
the trial courtÂs judgment.

Â 

REX D. DAVIS

Justice

Â 

Before
Chief Justice Gray,

Justice Davis, and

Justice Scoggins

Affirmed

Opinion
delivered and filed June 29, 2011 

Do
not publish

[CR25]









[1] Lola Richardson later testified that
she and Richardson had actually divorced in May 2008.