NO. 07-04-0077-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

OCTOBER 28, 2010

 

______________________________

 

 

DALE SUE JONES AND STANLEY RAY JONES, APPELLANTS

 

V.

 

TED SCOTT, M.D., ET AL., APPELLEES

 

 

_________________________________

 

FROM THE 72ND DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2001-513,918; HONORABLE J. BLAIR CHERRY, JR.,
JUDGE

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ORDER OF DISMISSAL AS
TO DALE SUE JONES

            This appeal, stemming
from a pro se health care liability claim related to a weight loss procedure,
has been pending since 2004.  Following
numerous bankruptcies and the death of pro se Appellant Dale Sue Jones on
February 8, 2009, this Court issued an order on July 7, 2010, and a second
order on July 19, 2010, in an effort to clarify the status of the appeal and
the parties involved.  This Court
concluded that after the death of Dale Sue Jones, Stanley Ray Jones, who is not
a licensed attorney, could not prosecute his spouse's claims on behalf of her
estate and that a licensed attorney would be required to represent her
interests in this appeal.  In re Murphy, 2009
Tex.App. Lexis 3934, at *14-15 (Tex.App.--Houston
[14th Dist.] March 5, 2009, no pet.) (mem. op.).

            By the July 7th order,
this Court directed that legal counsel be engaged to represent the interests of
Dale Sue Jones and that a notice of representation be filed in this Court on or
before September 3, 2010, noting that failure to comply would result in
dismissal.  This Court also ordered that
Dale Sue Jones's brief on the merits be filed on or before October 4, 2010,
again noting that failure to comply would result in dismissal.

            On October 7, 2010,
Stanley Ray Jones filed "Appellant's Application for Extension of Time to
Obtain Counsel."  By the motion, Mr.
Jones represents that he requires an extension to employ counsel to represent
the interests of Dale Sue Jones.[1]  First, we note, that Mr. Jones, by filing a
motion for extension of time to employ counsel on behalf of Dale Sue Jones, is
attempting to represent the Estate of Dale Sue Jones.  This he cannot do.  Consequently, we take no action on that motion.  However, even if we were to consider the
merits of that motion, we would deny the relief requested because not only has
the Estate of Dale Sue Jones been afforded an adequate opportunity to retain
counsel and failed to do so, the motion itself lacks substantive merit.

            As both deadlines which
were set by the July 7th order have lapsed, we dismiss that portion of the
appeal as it pertains to the claims of Dale Sue Jones. See Tex. R. App. P. 42.3 (b) and (c).  Only the issues raised by Stanley Ray Jones
in his pro se brief will be considered following submission of this
appeal.  

Appellee, New Reflections, filed its brief in response to
Stanley Ray Jones's brief on September 14, 2010.  Per the July 7th order, Dr. Ted Scott's
Appellee's Brief in response to the issues raised by Stanley Ray Jones is due
on or before November 3, 2010.

It is so ordered.

                                                                        Per
Curiam

 











[1]Stanley
Ray Jones's pro se brief on the merits was filed on May 13, 2010.








 on water temperature and that it was very important that he tell
the truth. After complainant claimed that appellant inflicted the burns with a curling iron,
Rennison told him he was activating the tape recorder. Complainant told him that appellant
had heated up water in the microwave and put it on him for acting bad. When asked how
his "private parts" became burned, complainant answered that appellant had used a curling
iron. He also told Rennison that most of his injuries were caused by appellant. 

 Appellant argues the State violated the statutory notice requirement by not disclosing
that Rennison's conversation with complainant prior to making the audio tape was the
actual outcry statement. She contends she suffered harm by the admission of the tape
which she claims was the result of coaching and coercion and also questions the reliability
of the tape. The purpose of requiring notice is to prevent a defendant from being surprised
at trial by a victim's outcry statement. Upton v. State, 894 S.W.2d 426, 429
(Tex.App.-Amarillo 1995, pet. ref'd); Fetterolf v. State, 782 S.W.2d 927, 930
(Tex.App.-Houston [14th Dist.] 1989, pet. ref'd).

 The caseworker that accompanied Rennison when he questioned complainant
testified that he asked complainant if they could talk about the incidents that led to his
injuries and then explained that he needed to record the statement. She believed
Rennison's questions were open-ended questions, i.e., they did not suggest an answer. 
She claimed that complainant seemed comfortable speaking to him and was not threatened
or coerced in any manner. Furthermore, appellant's claim of surprise is without merit
because the contents of the taped statement were elaborations on the introductory
questions asked just prior to activating the recorder. We conclude that the State complied
with the requirements of article 38.072 and thus, the trial court did not abuse its discretion 
in admitting complainant's taped outcry statement. Issue five is overruled. 

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice



Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.