

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00313-CR

**THOMAS RICHARDSON,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 40th District Court
Ellis County, Texas
Trial Court No. 33,583-CR**

## MEMORANDUM OPINION

A jury found Thomas Richardson guilty of possession of a controlled substance and assessed his punishment at 180 days' confinement in a state jail facility. In two issues, Richardson contends that the evidence is legally and factually insufficient to support his conviction. We will affirm.

The court of criminal appeals recently held that there is "no meaningful distinction between the *Jackson v. Virginia* legal-sufficiency standard and the *Clewis* factual-sufficiency standard" and that "the *Jackson v. Virginia* legal-sufficiency standard

is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt.  All other cases to the contrary, including *Clewis*, are overruled."  *Brooks v. State*, 323 S.W.3d 893, 902, 912 (Tex. Crim. App. 2010).  Accordingly, we will apply the same standard of review to both of Richardson's sufficiency complaints.

When reviewing a challenge to the sufficiency of the evidence to establish the elements of a penal offense, we must determine whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  *See Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).  Our duty is to determine if the finding of the trier of fact is rational by viewing all of the evidence admitted at trial in the light most favorable to the verdict.  *Adelman v. State*, 828 S.W.2d 418, 422 (Tex. Crim. App. 1992).  In doing so, any inconsistencies in the evidence are resolved in favor of the verdict.  *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

The following evidence was presented at trial:  Officer Justyn Wilder of the Ennis Police Department testified that, shortly after midnight on August 1, 2008, he responded to a domestic disturbance call.  When he arrived at the home, he saw Richardson standing outside.  Wilder asked Richardson what was going on, and Richardson replied that he and his wife had had a verbal argument.[1]  Wilder then asked Richardson to stay where he could see him while he went to speak with her.  Wilder

---

[1] Lola Richardson later testified that she and Richardson had actually divorced in May 2008.

knocked on the door of the home, and Lola answered. She told Wilder that Richardson had come home and that she believed he "was high on crack and drunk"; a verbal altercation followed, and she wanted him to leave the residence. While talking to Lola, Wilder kept his eye on Richardson the best that he could, and after talking to Lola for about a couple of minutes, he went back over to Richardson, who was by his truck.

Wilder ran Richardson's information through dispatch and learned that he was wanted. Wilder asked dispatch to confirm the warrants. Because domestic disturbance calls are dangerous, Wilder was watching Richardson closely. Richardson turned away from Wilder like he was looking at the bed of the truck and dropped what appeared to be a crack pipe. As Wilder continued waiting on the confirmation of the warrants, Richardson turned back toward Wilder and spoke to him. Wilder noticed that Richardson had something in his mouth. Richardson then turned away from Wilder again, and Wilder heard what sounded like Richardson spitting. Wilder saw something fall to the ground between Richardson's legs, and Richardson attempted to use his feet to cover it up with dirt.

Wilder pulled Richardson away so that he could observe what was on the ground. At that time, dispatch confirmed the warrants, so Wilder arrested Richardson. Wilder then picked up the crack pipe and a small baggy containing what he believed to be cocaine. The baggy was still wet with saliva and had mud on it. Richardson said that the baggy was not his, but Richardson was arrested on the prior warrants and possession of cocaine. A chemist for the Department of Public Safety Crime Laboratory

in Garland testified that the substance in the baggy contained cocaine, and the contents weighed 0.02 grams.

Lola Richardson testified that there had been a family get-together at her home earlier in the evening, but later that night, she and Richardson had a heated argument. Richardson wanted to come inside the house, but she did not want him to come in, and he began banging on the window. She called 9-1-1 and told the dispatcher that she and Richardson were having an argument and that she needed someone to come get him.

When the police arrived, they talked to Richardson and then came to her front door. Two police officers came into her living room to talk to her while Richardson was outside. She told the officers that she and Richardson were having an argument, that he had been drinking, and that she wanted him to leave. She did not tell them that Richardson was high on cocaine. When the officers went back outside, she went to the window and saw Richardson handcuffed and leaning over the truck. She watched until they put Richardson in the car and drove off. She never saw Richardson drop or spit anything.

Richardson testified that he and Lola had gotten into an argument and that she went inside and locked the door. When the police arrived, he was sitting in his truck. He told the officer that he and Lola were having an argument and that he was going to stay out in the truck. The officer then went to talk to Lola. He did not tell Richardson to do anything. While the officer talked to Lola, Richardson got back into his truck where he was drinking a beer.

Richardson further testified that after talking to Lola, the officer called in to see if Richardson was wanted. Richardson was wanted for a hot check and a ticket. The officer handcuffed Richardson before the warrants were confirmed. While handcuffed, Richardson noticed that the officer had a flashlight pointed on the ground on a crack pipe. Richardson stated that the officer claimed that it was Richardson's, but it was not. The officer who was standing four or five feet away from Richardson then looked next to his own foot and picked up a little baggy and said "we got him now." Richardson stated that the only way the baggy could have gotten there is by the officer putting it there; he never spit anything out. Richardson claimed that the officer set him up because they were tired of him.

A person commits an offense if he knowingly or intentionally possesses less than one gram of cocaine. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.115(a), (b) (Vernon 2010). Richardson argues that the evidence is insufficient to support his conviction because "Wilder's version of events is not logical or reasonable." Richardson points to Lola's testimony that Wilder went inside the house to speak with her. He argues that if he had had cocaine and a crack pipe, he would have disposed of them during this time when he was left unsupervised. Richardson also relies on his own testimony that Wilder planted the drugs so that he could arrest Richardson and remove him from the premises. However, by finding Richardson guilty, the jury obviously believed Wilder's version of events and disbelieved Richardson's.

The jury is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given to the witnesses' testimony. *Jaggers v. State*, 125 S.W.3d 661, 672

(Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) (citing *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981)).  A jury may believe all, some, or none of any witness's testimony.  *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).  As the reviewing court, we "should not substantially intrude upon the jury's role as the sole judge of the weight and credibility of witness testimony."  *Vasquez v. State*, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002); *see also Sharp*, 707 S.W.2d at 614.  We must defer to the jury's determination concerning what weight to give any contradictory testimonial evidence. *See, e.g.*, *In re A.B.*, 133 S.W.3d 869, 873-74 (Tex. App.—Dallas 2004, no pet.); *Scugoza v. State*, 949 S.W.2d 360, 362-63 (Tex. App.—San Antonio 1997, no pet.); *Fetterolf v. State*, 782 S.W.2d 927, 933 (Tex. App.—Houston [14th Dist.] 1989, pet. ref'd).

Viewing all the evidence in the light most favorable to the verdict, we thus conclude that a rational trier of fact could have found Richardson guilty of the offense of possession of a controlled substance beyond a reasonable doubt.  We overrule Richardson's issues and affirm the trial court's judgment.


REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed June 29, 2011
Do not publish
[CR25]