IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00313-CR

 

Thomas Richardson,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 40th District
Court

Ellis County, Texas

Trial Court No. 33,583-CR

 



MEMORANDUM  Opinion



 








A jury found Thomas Richardson guilty of
possession of a controlled substance and assessed his punishment at 180 days’
confinement in a state jail facility.  In two issues, Richardson contends that
the evidence is legally and factually insufficient to support his conviction. 
We will affirm.

The court of criminal appeals recently
held that there is “no meaningful distinction between the Jackson v.
Virginia legal-sufficiency standard and the Clewis
factual-sufficiency standard” and that “the Jackson v. Virginia
legal-sufficiency standard is the only standard that a reviewing court should
apply in determining whether the evidence is sufficient to support each element
of a criminal offense that the State is required to prove beyond a reasonable
doubt.  All other cases to the contrary, including Clewis, are
overruled.”  Brooks v. State, 323 S.W.3d 893, 902, 912 (Tex. Crim. App.
2010).  Accordingly, we will apply the same standard of review to both of Richardson’s
sufficiency complaints.

When reviewing a challenge to the
sufficiency of the evidence to establish the elements of a penal offense, we
must determine whether, after viewing all the evidence in the light most
favorable to the verdict, any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560
(1979).  Our duty is to determine if the finding of the trier of fact is
rational by viewing all of the evidence admitted at trial in the light most
favorable to the verdict.  Adelman v. State, 828 S.W.2d 418, 422 (Tex.
Crim. App. 1992).  In doing so, any inconsistencies in the evidence are
resolved in favor of the verdict.  Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

            The following evidence was
presented at trial:  Officer Justyn Wilder of the Ennis Police Department
testified that, shortly after midnight on August 1, 2008, he responded to a
domestic disturbance call.  When he arrived at the home, he saw Richardson
standing outside.  Wilder asked Richardson what was going on, and Richardson
replied that he and his wife had had a verbal argument.[1] 
Wilder then asked Richardson to stay where he could see him while he went to
speak with her.  Wilder knocked on the door of the home, and Lola answered.  She
told Wilder that Richardson had come home and that she believed he “was high on
crack and drunk”; a verbal altercation followed, and she wanted him to leave
the residence.  While talking to Lola, Wilder kept his eye on Richardson the
best that he could, and after talking to Lola for about a couple of minutes, he
went back over to Richardson, who was by his truck.

            Wilder ran Richardson’s
information through dispatch and learned that he was wanted.  Wilder asked
dispatch to confirm the warrants.  Because domestic disturbance calls are
dangerous, Wilder was watching Richardson closely.  Richardson turned away from
Wilder like he was looking at the bed of the truck and dropped what appeared to
be a crack pipe.  As Wilder continued waiting on the confirmation of the
warrants, Richardson turned back toward Wilder and spoke to him.  Wilder
noticed that Richardson had something in his mouth.  Richardson then turned away
from Wilder again, and Wilder heard what sounded like Richardson spitting. 
Wilder saw something fall to the ground between Richardson’s legs, and
Richardson attempted to use his feet to cover it up with dirt.

            Wilder pulled Richardson
away so that he could observe what was on the ground.  At that time, dispatch
confirmed the warrants, so Wilder arrested Richardson.  Wilder then picked up
the crack pipe and a small baggy containing what he believed to be cocaine. 
The baggy was still wet with saliva and had mud on it.  Richardson said that
the baggy was not his, but Richardson was arrested on the prior warrants and
possession of cocaine.  A chemist for the Department of Public Safety Crime
Laboratory in Garland testified that the substance in the baggy contained
cocaine, and the contents weighed 0.02 grams.

            Lola Richardson testified
that there had been a family get-together at her home earlier in the evening,
but later that night, she and Richardson had a heated argument.  Richardson
wanted to come inside the house, but she did not want him to come in, and he
began banging on the window.  She called 9-1-1 and told the dispatcher that she
and Richardson were having an argument and that she needed someone to come get
him.

            When the police arrived,
they talked to Richardson and then came to her front door.  Two police officers
came into her living room to talk to her while Richardson was outside.  She
told the officers that she and Richardson were having an argument, that he had
been drinking, and that she wanted him to leave.  She did not tell them that
Richardson was high on cocaine.  When the officers went back outside, she went
to the window and saw Richardson handcuffed and leaning over the truck.  She
watched until they put Richardson in the car and drove off.  She never saw
Richardson drop or spit anything.

            Richardson testified that he
and Lola had gotten into an argument and that she went inside and locked the
door.  When the police arrived, he was sitting in his truck.  He told the
officer that he and Lola were having an argument and that he was going to stay
out in the truck.  The officer then went to talk to Lola.  He did not tell
Richardson to do anything.  While the officer talked to Lola, Richardson got
back into his truck where he was drinking a beer.

            Richardson further testified
that after talking to Lola, the officer called in to see if Richardson was
wanted.  Richardson was wanted for a hot check and a ticket.  The officer
handcuffed Richardson before the warrants were confirmed.  While handcuffed,
Richardson noticed that the officer had a flashlight pointed on the ground on a
crack pipe.  Richardson stated that the officer claimed that it was
Richardson’s, but it was not.  The officer who was standing four or five feet
away from Richardson then looked next to his own foot and picked up a little
baggy and said “we got him now.”  Richardson stated that the only way the baggy
could have gotten there is by the officer putting it there; he never spit
anything out.  Richardson claimed that the officer set him up because they were
tired of him.

            A person commits an offense
if he knowingly or intentionally possesses less than one gram of cocaine.  See
Tex. Health & Safety Code Ann. §§
481.102(3)(D), 481.115(a), (b) (Vernon 2010).  Richardson argues that the
evidence is insufficient to support his conviction because “Wilder’s version of
events is not logical or reasonable.”  Richardson points to Lola’s testimony
that Wilder went inside the house to speak with her.  He argues that if he had
had cocaine and a crack pipe, he would have disposed of them during this time
when he was left unsupervised.  Richardson also relies on his own testimony
that Wilder planted the drugs so that he could arrest Richardson and remove him
from the premises.  However, by finding Richardson guilty, the jury obviously
believed Wilder’s version of events and disbelieved Richardson’s.

The jury is the exclusive judge of the
facts, the credibility of the witnesses, and the weight to be given to the
witnesses’ testimony.  Jaggers v. State, 125 S.W.3d 661, 672 (Tex.
App.—Houston [1st Dist.] 2003, pet. ref’d) (citing Penagraph v. State,
623 S.W.2d 341, 343 (Tex. Crim. App. 1981)).  A jury may believe all, some, or
none of any witness’s testimony.  Sharp v. State, 707 S.W.2d 611, 614
(Tex. Crim. App. 1986).  As the reviewing court, we “should not substantially
intrude upon the jury’s role as the sole judge of the weight and credibility of
witness testimony.”  Vasquez v. State, 67 S.W.3d 229, 236 (Tex. Crim.
App. 2002); see also Sharp, 707 S.W.2d at 614.  We must defer to the
jury’s determination concerning what weight to give any contradictory
testimonial evidence.  See, e.g., In re A.B., 133 S.W.3d 869,
873-74 (Tex. App.—Dallas 2004, no pet.); Scugoza v. State, 949 S.W.2d
360, 362-63 (Tex. App.—San Antonio 1997, no pet.); Fetterolf v. State,
782 S.W.2d 927, 933 (Tex. App.—Houston [14th Dist.] 1989, pet. ref’d).

Viewing all the evidence in the light
most favorable to the verdict, we thus conclude that a rational trier of fact
could have found Richardson guilty of the offense of possession of a controlled
substance beyond a reasonable doubt.  We overrule Richardson’s issues and affirm
the trial court’s judgment.

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Davis, and

Justice Scoggins

Affirmed

Opinion
delivered and filed June 29, 2011 

Do
not publish

[CR25]









[1] Lola Richardson later testified that
she and Richardson had actually divorced in May 2008.