IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00305-CR

 

James Tippett,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 13th District
Court

Navarro County, Texas

Trial Court No. 31154-CR

 



MEMORANDUM  Opinion



 

A jury found Appellant James Tippett guilty
of indecency with a child and assessed a fifteen-year prison sentence and
$5,000 fine.  In this appeal, he raises two issues.  We will affirm.

Tippett’s first issue asserts that the
evidence is factually insufficient.  In a factual sufficiency review, we ask
whether a neutral review of all the evidence, though legally sufficient,
demonstrates either that the proof of guilt is so weak or that conflicting
evidence is so strong as to render the factfinder’s verdict clearly wrong and
manifestly unjust.  Watson v. State, 204 S.W.3d. 404, 414-15 (Tex. Crim. App. 2006); Johnson v.
State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  “The court reviews the
evidence weighed by the jury that tends to prove the existence of the elemental
fact in dispute and compares it with the evidence that tends to disprove that
fact.”  Johnson, 23 S.W.3d at 7 (quoting Jones v. State, 944
S.W.2d 642, 647 (Tex. Crim. App. 1996)).  The appellate court “does not indulge
in inferences or confine its view to evidence favoring one side of the case. 
Rather, it looks at all the evidence on both sides and then makes a
predominantly intuitive judgment. . . .”  Id. (quoting William Powers
and Jack Ratliff, Another Look at “No Evidence” and “Insufficient Evidence,”
69 Texas L. Rev. 515, 519 (1991)).  The nature
of a factual sufficiency review authorizes an appellate court, although to a
very limited degree, to act as the so-called “thirteenth juror” to review the
factfinder’s weighing of the evidence and disagree with the factfinder’s
determination.  Watson, 204 S.W.3d at 416-17.

A person commits the offense of
indecency with a child “if, with a child younger than 17 years, . . . the
person . . . engages in sexual contact with the child or causes the child to
engage in sexual contact.”  Tex. Pen. Code Ann. § 21.11(a)(1) (Vernon 2003) (current version at id.
(Vernon Supp. 2009)).  Tippett was charged by indictment with one count of
indecency with a child by engaging in sexual contact with A. by touching her
genitals.

The victim, Tippett’s former stepdaughter,
was fourteen years of age when the events in question occurred.  She testified that
Tippett touched her genitals with his hand while she was riding in his truck. 
A minor complainant’s testimony alone is sufficient to support a conviction for
indecency with a child.  See Abbott v. State, 196 S.W.3d 334, 341
(Tex. App.—Waco 2006, pet ref’d).  Tippett argues, however, that various
aspects of A.’s testimony reflect inconsistencies and contradictions that
render the evidence factually insufficient.  For example, on the occasion in
the truck, A. initially denied that Tippett had exposed himself, but after a
break (during which A. said no one discussed her testimony with her), she
testified that he had done so but she initially had not remembered.  Tippett
also complains that there are inconsistencies between A.’s version and the
versions recounted by A.’s mother, an aunt (Susie Jackson), and a friend, who
testified as outcry witnesses.

The State acknowledges the
inconsistencies and conflicts but also points out the consistencies and
highlights evidence that corroborates key parts of A.’s testimony, including that
Tippett showed A. pictures of nude adults and talked to her about sex and that
Tippett showed A. and A’s friend a pornographic video.








The
jury is the exclusive judge of the facts, the credibility of the witnesses, and
the weight to be given to the witnesses’ testimony.  Jaggers v. State,
125 S.W.3d 661, 670 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d) (citing Penagraph
v. State, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981)).  The jury may
believe all, some, or none of any witness’s testimony.  Sharp v. State,
707 S.W.2d 611, 614 (Tex. Crim. App. 1986); Jaggers, 125 S.W.3d at 670.

The
jury was faced with some conflicting evidence.  As the reviewing court, we “should not substantially
intrude upon the jury’s role as the sole judge of the weight and credibility of
witness testimony.”  Vasquez v. State, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002); see also Sharp, 707 S.W.2d at 614; Jaggers, 125
S.W.3d at 670.

The degree of deference
a reviewing court provides must be proportionate with the facts it can
accurately glean from the trial record.  A factual sufficiency analysis can
consider only those few matters bearing on credibility that can be fully determined
from a cold appellate record.  Such an approach occasionally permits some
credibility assessment but usually requires deference to the jury’s conclusion
based on matters beyond the scope of the appellate court’s legitimate concern. 
See George E. Dix & Robert O.
Dawson, 42 Texas Practice—Criminal Practice and Procedure § 36.69 (Supp.
1999).  Unless the available record clearly reveals a different result is
appropriate, an appellate court must defer to the jury’s determination
concerning what weight to give contradictory testimonial evidence because
resolution often turns on an evaluation of credibility and demeanor, and those
jurors were in attendance when the testimony was delivered.

 

Johnson, 23
S.W.3d at 8.

We must defer to the jury’s determination
concerning what weight to give contradictory or conflicting testimonial
evidence.  See, e.g., In re A.B., 133 S.W.3d 869, 873-74 (Tex. App.—Dallas 2004, no pet.); Scugoza v. State, 949 S.W.2d 360, 362-63 (Tex. App.—San Antonio 1997, no pet.); Fetterolf v. State, 782 S.W.2d 927, 933 (Tex.
App.—Houston [14th Dist.] 1989, pet. ref’d); see also Johnson, 23 S.W.3d
at 7-8.  Considering all of
the evidence in a neutral light, we find that the jury was justified in finding
Tippett guilty.  Issue one is overruled.

Tippett’s second issue asserts that the
trial court erred in excluding from evidence the fact that the outcry witness’s
(Jackson’s) parental rights to her three children had been terminated.  Jackson
testified that she had two felony convictions for which she had served
concurrent prison sentences.  She said that she had three children, and on
cross-examination, Tippett established that she did not have custody of them.  Tippett
sought to elicit testimony from her that she did not have custody because her
parental rights had been terminated.  The trial court excluded that evidence.

We review a trial court’s admission or
exclusion of evidence for abuse of discretion.  McDonald v. State, 179
S.W.3d 571, 576 (Tex. Crim. App. 2005).  “A trial court abuses its discretion
when its decision is so clearly wrong as to lie outside that zone within which
reasonable persons might disagree.”  Moreno v. State, 858 S.W.2d
453, 463 (Tex. Crim. App. 1993); see also Winegarner v. State, 235
S.W.3d 787, 790 (Tex. Crim. App.  2007).

Tippett argues that by testifying she
had three children, Jackson was able to create a false impression that “opened
the door” for Tippett to show her parental rights had been terminated.  The
general rule is that a party is not entitled to impeach a
witness on a collateral matter.  Ramirez
v. State, 802 S.W.2d
674, 675 (Tex. Crim. App. 1990).  The test as to whether a matter is
collateral is whether the cross-examining party would be entitled to prove it
as a part of his case tending to establish his plea.  Id.  An exception
exists: “[w]hen a witness leaves a false impression concerning a matter
relating to his or her credibility, the opposing party is allowed to correct
that false impression.”  Id. at 676.  In this case, the trial court
allowed Tippett to correct any false impression by letting him elicit during
cross-examination the fact that Jackson did not have custody of her children.  The
trial court did not abuse its discretion in excluding evidence of the
termination of Jackson’s parental rights.  See Hammer v. State, 296
S.W.3d 555, 563 (Tex. Crim. App. 2009) (citing Texas Rule of Evidence 608(b)). 
We overrule issue two.

We affirm the trial court’s judgment.

 

 

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Affirmed

Opinion
delivered and filed August 4, 2010

Do
not publish

[CR25]

 






her the contraband was close and accessible to the defendant;
 
      4.   Whether the defendant was under the influence of a controlled substance at the time of
his arrest;
 
      5.   Whether the defendant possessed other contraband when arrested;
 
      6.   Whether the defendant made incriminating statements when arrested;
 
      7.   Whether the defendant attempted to flee;
 
      8.   Whether the defendant made furtive gestures;
 
      9.   Whether the odor of the contraband was present;
 
      10. Whether the contraband or drug paraphernalia was present;
      11. Whether the defendant owned or had a right to possess the place where the drugs were
found; and
 
      12. Whether the drugs were discovered in an enclosed space.

Green v. State, 892 S.W.2d 220, 222 (Tex. App.— Texarkana 1995, pet. ref’d). Other courts have
expanded the list of affirmative links to include:
      1.   The amount of contraband is large enough to indicate that the accused knew of its
presence. Menchaco v. State, 901 S.W.2d 640, 652 (Tex. App.— El Paso 1995, pet.
ref’d);
 
      2.   The defendant offers an implausible story to explain his actions. United States v. Ortega
Reyna, 148 F.3d 540, 543 (5th Cir. 1995); and
 
      3.   The defendant exhibits an unnatural equanimity and lack of concern throughout the
temporary detention and subsequent investigation. Fields v. State, 932 S.W. 2d 97, 104
(Tex. App.—Tyler 1996, pet. ref’d).

The number of factors presented is less important than the totality of the circumstances linking the
defendant to the contraband. Martinets v. State, 884 S.W.2d 185, 188 (Tex. App.— Austin 1994,
no pet.). 
       Knowledge can sometimes be inferred solely from the defendant’s control of the vehicle in
which the drugs are found, especially when the amount of the contraband is large enough to
indicate that the accused knew of its presence. However, when the drugs are found in a hidden
compartment in the vehicle, courts require more. Castellano v. State, 810 S.W.2d 800, 806 (Tex.
App.— Austin 1991, no pet.). The Fifth Circuit requires that evidence of control be supplemented
by other circumstantial evidence “that is suspicious in nature or demonstrates guilty knowledge.” 
United States v. Garza, 990 F.2d 171, 174 (5th Cir. 1993).
Legal sufficiency
      This appears to be a typical hidden compartment case, with a large amount of contraband
found in an enclosed space of a vehicle over which the defendant had some control. Several
affirmative links were established by the evidence. (1) Large amount: A detective in the
Narcotics division for Navarro County testified that the 9.83 kilograms of cocaine in powder form
had a street value of between thirty thousand and forty-five thousand dollars. Converted to rock
form, this cocaine could easily have a street value of one million dollars. (2) Enclosed space: 
The video tape taken by the Texas Department of Public Safety during the search showed that the
compartment concealing the drugs was welded into the undercarriage of the vehicle and accessible
only by removing the back seat and carpet. (3) Possession or control of location: Although
Bethancourt-Rosales was not the driver nor the registered owner of the vehicle, the repair receipt
found in the vehicle reflected that Bethancourt-Rosales had been in possession of the vehicle five
days prior to the search. 
      However, Garza requires that these typical factors found in a hidden compartment case be
supplemented by other circumstantial evidence. Garza, 990 F.2d at 174. The State asserts that
there are several more affirmative links between Bethancourt-Rosales and the cocaine: 
      1.   It is implausible that Bethancourt-Rosales would be unaware of such a large quantity of
cocaine;
 
      2.   Bethancourt-Rosales gave a false story to law enforcement officers; and
 
      3.   Bethancourt-Rosales exhibited an unnatural equanimity and lack of surprise during the
search.

1. Quantity of drugs
      Several courts have upheld convictions based in part on the testimony of officers familiar with
the value of drugs and common patterns of drug transportation. See Fields v. State, 932 S.W.2d
at 102; Menchaco v. State, 901 S.W.2d at 652. Here, law enforcement officers linked
Bethancourt-Rosales to drug trafficking through such testimony. One detective testified that
Houston is a known drug-trafficking point of origin. At the time of the search, Bethancourt-Rosales claimed that she was returning from Houston. According to the detective, drugs are
commonly transported by “mules” who are paid to transport the drug from one place to another,
usually not in their own vehicles. Based on his experience and training, the detective testified that
the owner of such a large amount of cocaine would not allow it to be transported by someone
unfamiliar to him or by someone who was unaware of the presence of the drugs. By itself, this
testimony might not support a finding of guilty knowledge–although it does suggest suspicious
circumstances. There are, however, more factors to consider here.
2. Implausible story
      An implausible story advanced by a defendant to explain his actions can provide circumstantial
evidence indicating guilty knowledge. See United States v. Ortega Reyna, 148 F.3d 540, 543 (5th
Cir. 1995), United States v. Casilla, 20 F.3d 600, 607 (5th Cir. 1994). Testimony revealed that
Bethancourt-Rosales told a law enforcement officer that she and the driver had no friends or family
in Houston; she claimed that they had gone there just to see the city. The officer stated that on
two separate occasions she claimed to have been in Houston for the previous two weeks. 
However, upon an inventory search of the vehicle, the officer found a receipt from a Jiffy Lube
in Ohio, indicating that Bethancourt-Rosales had taken the vehicle in for repairs and had paid for
the work only five days prior to the traffic stop in Navarro County, Texas. The jury was free to
infer guilty knowledge from the implausibility of the story in light of this evidence.
3. Lack of surprise
      Bethancourt-Rosales argues that because she did not appear agitated or frightened during the
search, she obviously did not know that there were drugs in the vehicle. However, lack of
surprise or concern during a temporary detention and investigation can suggest knowledge of the
presence of contraband. See Fields, 932 S.W.2d at 104; United States v. Del Aguila-Reyes, 722
F.2d 155, 157 (5th Cir. 1983). The jury could have inferred guilty knowledge


 from lack of
surprise at the discovery of the cocaine when taken in context with the false story offered by
Bethancourt-Rosales.
      We agree with the State that these additional factors also demonstrate suspicious circumstances
and guilty knowledge. Viewed in the light most favorable to the verdict, the cumulative weight
of these facts is sufficient to supply the affirmative links to connect Bethancourt-Rosales to the
cocaine and, thus, sufficient to establish beyond a reasonable doubt that she possessed the cocaine
with the intent to distribute. 
Factual sufficiency
      We now consider all the evidence offered at trial in a neutral light to determine whether it was
factually sufficient. In addition to the testimony that we considered in our legal sufficiency
review, we need to consider the following. (1) Law enforcement officers testified that the
compartment was not visible from the outside of the vehicle or from the front passenger’s seat 
where Bethancourt-Rosales was sitting. (2) During the search, power tools and a screw driver 
were used to remove the seat and to open the electronic latch of the compartment. (3) The
chemist who analyzed the bundles found in the hidden compartment testified that the cocaine was
wrapped in grease and that the odor would not necessarily be detectable. (4) The Jiffy Lube
receipt reflects Ohio license plate MBJ-4509 rather than Pennsylvania plate MBJ-4509.



      In her brief, Bethancourt-Rosales emphasizes the affirmative links that are not established by
testimony at trial. No tools that would provide access to the compartment were found in the
vehicle. There was no testimony suggesting that Bethancourt-Rosales was under the influence of
a controlled substance when arrested or that any other contraband or paraphernalia were found
during the search. There was no odor in the vehicle to suggest contraband. The video tape did
not reveal any furtive gestures or statements that indicated that Bethancourt-Rosales knew of the
cocaine. Hence, she contends that the evidence is factually insufficient to support her conviction.
      We find that the evidence is factually sufficient to support the conviction of Bethancourt-Rosales. Many factors may be considered affirmative links, but no court has required that any 
specific combination of these factors be present to support a conviction for drug possession. 
Instead, courts look to the totality of the circumstances and whether the factors establish the
elements of the offense. Jones v. State, 963 S.W.2d 826, 830 (Tex. App.— Texarkana 1998, pet.
ref’d). The degree of credibility and weight to be given testimony is within the sole province of
the jury. We must always remain cognizant of the fact finder’s role and unique position, a
position we are unable to occupy. “The authority granted in Clewis to disagree with the fact
finder’s determination is appropriate only when the record clearly indicates such a step is
necessary to arrest the occurrence of a manifest injustice. Otherwise, due deference must be
accorded to the fact finder’s determinations, particularly those determinations concerning the
weight and credibility of the evidence.” Johnson v. State, 23 S.W.3d 1, 9 (Tex. Crim. App.
2000). Therefore, we defer to the jury’s determination based on the evidence presented to it in
this case. 
CONCLUSION
      Having overruled the only point of error presented by Bethancourt-Rosales, we affirm the
judgment of the trial court.



 
TOM GRAY
                                                                         Justice
 
Before Chief Justice Davis
           Justice Vance, and
           Justice Gray
Affirmed
Opinion delivered and filed June 20, 2001
Publish