

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00158-CR

———————————————

LEONEL FERNANDEZ, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court No. 1744737

Before Kerr, Bassel, and Walker, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

## I. Introduction

A jury found Appellant Leonel Fernandez guilty of continuous sexual abuse of a child under fourteen and indecency with a child by sexual contact. *See* Tex. Penal Code Ann. §§ 21.02, 21.11(a)(1). The trial court sentenced Fernandez to thirty years' confinement on the count of continuous sexual abuse of a child under fourteen and to ten years' confinement on the count of indecency with a child by sexual contact, and it ordered the sentences to run consecutively. In two issues, Fernandez challenges (1) the sufficiency of the evidence to support his conviction for indecency with a child by sexual contact and (2) the unpronounced $100 child-abuse-prevention fine that was assessed in each judgment. Because a rational jury could have concluded that Fernandez's touching of the complainant's breast while showering with her was done with the intent to arouse or gratify any person's sexual desire, we affirm his convictions, including his unchallenged conviction for continuous sexual abuse of a child. But because the record demonstrates that the child-abuse-prevention fine in each judgment was not orally pronounced, we modify the judgments to delete the $100 fines and affirm the judgments as modified.

## II. Factual Background[1]

Fernandez dated the complainant's mother (Mother) and lived with her and her three children in 2013 and 2014 when the complainant was eight to nine years old. Fernandez claimed that he could not get a job, so he acted as the children's caregiver while Mother worked retail and was the sole provider for the household. Mother testified that Fernandez was "drawn to" the complainant and that he had described her as his favorite.

In 2021, the complainant revealed to Mother that Fernandez had made the complainant perform oral sex on him throughout the time that Mother had dated him. The complainant told Mother that she had not disclosed the abuse earlier because Fernandez had threatened to kill Mother and the complainant's two siblings if she told anyone.

The complainant was twenty years old at the time of the trial. She testified that the first incident occurred when Fernandez, the complainant, and her siblings were watching a movie. Fernandez said that there was no room on the bed, "so somebody would lay on him." The complainant and her sister fought over that opportunity because they thought it was a special thing. On the evening when the first incident occurred, the complainant lay on Fernandez and felt something from his groin area poking her on her back. Fernandez made the complainant's siblings leave the room

[1]Although the jury heard from the complainant's brother and the forensic examiner, we focus on the testimony from Mother and the complainant showing the circumstances surrounding the indecency conviction that is challenged on appeal.

3

and then asked her if she wanted to see what was poking her. He then pulled his penis out and made her suck on it. He told her that "this is something that family members do" and that "this is how you show your love."

The complainant testified that every time Mother was at work, the complainant and her siblings would watch movies with Fernandez in the bed in the master bedroom and that he would make her suck his penis while her siblings were in the bed with them. Fernandez put the complainant under the covers and told her to suck his penis; he told her siblings that the complainant was giving him a massage.

The complainant also described a time when Fernandez told her not to have any underwear on and had her lie on top of him in her nightgown so that he could rub his penis on her vagina. He asked her to play a video game on his phone, and whichever direction she moved the character, he would rub her vagina in that direction.

When Mother worked at night,[2] Fernandez asked the complainant to shower with him. She testified that it got to the point where she "thought it was something normal." A lot of the times, Fernandez would make the complainant suck on his penis in the shower.

The complainant testified that during the showers, he touched her, poked her, touched her chest area, and touched her butt area. She thought that they were

[2]The complainant testified that Mother was a manager and that throughout the time that Fernandez lived with them, she was gone from "morning till whenever the place closed" and would come home at 9:00 or 10:00 p.m.

playing; she later described it as "messing around in the shower, tickling each other[,] and just kind of playful things." When asked what Fernandez did to her breast, the complainant said that he would rub on the area and rub her nipples while she was naked but that her breasts had not developed at that time.

The complainant recalled one occasion when Fernandez had her on her knees on the floor[3] to suck on his penis, and he started jerking it around so that he ejaculated in her mouth. He told her to swallow so that her teeth would be white.

Fernandez also showed the complainant a video of adults performing anal sex and said that if she ever wanted him to do that, the possibility was there. The complainant said that Fernandez never performed anal sex on her.

When Fernandez, Mother, the complainant, and the complainant's siblings moved to the complainant's grandmother's house, the bulk of the sexual contact stopped. But Fernandez did a few things like rubbing his groin area on her with his clothes on when she was standing, "dry-humping" her, and "jerking off" next to her and her siblings when they were watching movies.

When asked to estimate how many times "stuff like this happen[ed] with him," the complainant said, "Too many times to count. It happened over a course of several months, and it happened in [multiple] households that [she had] lived in . . . ."

---

[3]She testified about this incident in the middle of her testimony about the shower incidents, but it is unclear whether this incident occurred in the shower. The location is not relevant for purposes of Fernandez's sufficiency challenge to the indecency count, which involved touching her breast.

5

### III.  Sufficient Evidence Supports Indecency Conviction

In his first issue, Fernandez argues that the evidence is insufficient to support his conviction for indecency with a child by sexual contact.  Specifically, he argues that the evidence does not show intent—that he touched the complainant's breast with the intent to arouse or gratify his sexual desire.  Applying the sufficiency standard of review and the applicable law set forth below, we hold that the jury could have reasonably concluded that Fernandez's touching of the complainant's breast while he was showering with her was done with the intent to arouse or gratify his sexual desire.

### A.     Standard of Review

In our evidentiary-sufficiency review, we view all the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the crime's essential elements beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017).  This standard gives full play to the factfinder's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Harrell v. State*, 620 S.W.3d 910, 914 (Tex. Crim. App. 2021).

In other words, the factfinder alone judges the evidence's weight and credibility.  *See* Tex. Code Crim. Proc. Ann. art. 38.04; *Martin v. State*, 635 S.W.3d 672, 679 (Tex. Crim. App. 2021).  We may not re-evaluate the evidence's weight and credibility and substitute our judgment for the factfinder's.  *Queeman*, 520 S.W.3d at

6

622. Instead, we determine whether the factfinder's necessary inferences are reasonable based on the evidence's cumulative force when viewed in the light most favorable to the verdict. *Braughton v. State*, 569 S.W.3d 592, 608 (Tex. Crim. App. 2018); *see Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017) ("The court conducting a sufficiency review must not engage in a 'divide and conquer' strategy but must consider the cumulative force of all the evidence."). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict, and we must defer to that resolution as long as it is reasonable. *Braughton*, 569 S.W.3d at 608.

## B. Applicable Law

A person commits the offense of indecency with a child if the person engages in sexual contact with a child younger than seventeen years of age. Tex. Penal Code Ann. § 21.11(a)(1). "Sexual contact" includes "any touching by a person, including touching through clothing, of the . . . breast . . . of a child" with "the intent to arouse or gratify the sexual desire of any person." *Id.* § 21.11(c)(1).

"[T]he requisite specific intent to arouse or gratify the sexual desire of any person can be inferred from the defendant's conduct, his remarks[,] and all surrounding circumstances." *Stephenson v. State*, 673 S.W.3d 370, 384 (Tex. App.—Fort Worth 2023, pet. ref'd) (quoting *McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. [Panel Op.] 1981)). Moreover, this court has repeatedly held that intent can be inferred from conduct alone; no oral expression of intent or visible evidence of sexual arousal is necessary. *See id.*; *Weaver v. State*, No. 02-21-00081-CR, 2022 WL

7

2978730, at *8 (Tex. App.—Fort Worth July 28, 2022, pet. ref'd) (mem. op., not designated for publication); *Garner v. State*, No. 02-15-00171-CR, 2016 WL 4247970, at *3 (Tex. App.—Fort Worth Aug. 11, 2016, pet. ref'd) (mem. op., not designated for publication); *Connell v. State*, 233 S.W.3d 460, 467 (Tex. App.—Fort Worth 2007, no pet.) (mem. op.). Further, a child victim's testimony, standing alone, can sufficiently support a conviction for indecency with a child. *Benge v. State*, No. 02-23-00207-CR, 2024 WL 3195086, at *4 (Tex. App.—Fort Worth June 27, 2024, no pet.) (mem. op., not designated for publication).

### C. Analysis

Here, Fernandez claims that his touching of the complainant's breast "occurred only in the shower, did not lead to anything more or sexual, and was done in a playful manner with tickling." Fernandez's argument not only ignores the circumstances surrounding his touching of the complainant's breast—including that he had groomed her to believe that showering together was normal—but also attempts to conflate her eight-or-nine-year-old naiveté of what was actually happening with his innocence in the touching.

The jury had before it the complainant's testimony describing how Fernandez had asked her to shower with him and had then used that opportunity while they were both naked to rub her breast area, including her nipples. The jury was not required to look at the shower testimony in a vacuum but instead could consider how Fernandez had taught the complainant to equate sucking his penis with showing love to family

8

members and had required that sexual act from her every time that they watched a movie. The jury could reasonably infer from Fernandez's conduct and all the surrounding circumstances that his touching of the complainant's breast area while showering with her was not merely tickling or an accidental touching while playing but was instead another opportunity to arouse or gratify his sexual desires.

Viewing the evidence in the light most favorable to the jury's verdict, a rational jury could have found beyond a reasonable doubt the essential elements of the indecency-by-contact offense;[4] specifically, it could have found that Fernandez's touching of the complainant's breast was done with the intent to arouse or gratify any person's sexual desire. *See Fetterolf v. State*, 782 S.W.2d 927, 933 (Tex. App.—Houston [14th Dist.] 1989, pet. ref'd) (holding that complainant's testimony—that appellant's hand had "circled her breast"—was sufficient evidence that he had touched her with the intent to arouse his sexual desire); *see also Urdaneta v. State*, Nos. 02-23-00338-CR to 02-23-00340-CR, 2024 WL 4377442, at *4 (Tex. App.—Fort Worth Oct. 3, 2024, no pet.) (mem. op., not designated for publication) (holding evidence sufficient to support indecency-by-contact conviction when the record showed that appellant had

---

[4]Count Five of the indictment alleged the indecency-by-contact offense as follows:

> And it is further presented in and to said court that [Fernandez] in the County of Tarrant and State aforesaid on or about the 29th day of June 2013, did intentionally, with the intent to arouse or gratify the sexual desire of any person, engage in sexual contact by touching the breast of [the complainant], a child younger than 17 years of age. [Capitalization altered for ease of reading.]

grabbed the complainant's left breast over her clothing, that his hand was on her breast for ten seconds, and that he had "squeez[ed]" her "whole breast" during that contact).

We overrule Fernandez's first issue.

## IV. Unpronounced Fines Must Be Deleted

In his second issue, Fernandez argues that the judgments should be modified to delete the $100 child-abuse-prevention fines because the fines were not orally pronounced. The State concedes error, and we agree.

When the trial court pronounced Fernandez's sentences, it did not mention a $100 child-abuse-prevention fine—only imprisonment for each offense with the sentences to run consecutively.[5] The judgments for both convictions, however, have the box checked beside the "Child[-]Abuse[-]Prevention Fine (Art. 102.0186, Code Crim. Proc.)" and have the amount of $100.00 noted. Each judgment also has the following special finding: "CHILD ABUSE PREVENTION FINE IN THE AMOUNT OF $100.00." And the first page of each judgment also states, "Fines: $100.00"

As this court has recently noted,

The $100 child-abuse-prevention fine is authorized by Article 102.0186 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc.

---

[5]The trial court stated, "It is, therefore, the order, judgment[,] and decree of this [c]ourt that [Fernandez] is hereby sentenced to 30 years['] confinement on Count One and 10 years with no fine -- 10 years['] confinement with no fine on Count Five, and again, those sentences are to run consecutively."

10

Ann. art. 102.0186. Although this statutorily authorized fee was previously classified as a court cost, under the current version of Article 102.0186—which applies in this case, *see Bradshaw v. State*, 707 S.W.3d 412, 418 (Tex. Crim. App. 2024)—it is classified as a fine. *See Rhodes v. State*, 712 S.W.3d 226, 234 (Tex. App.—Eastland 2025, no pet.).

A fine is part of a defendant's sentence and must be orally pronounced. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011).

*Flores v. State*, No. 02-24-00413-CR, 2025 WL 3039149, at *8 (Tex. App.—Fort Worth Oct. 30, 2025, pet. filed) (mem. op., not designated for publication).

We have the authority to modify a judgment to make it speak the truth. *Alejandro v. State*, No. 02-24-00390-CR, 2025 WL 2736515, at *2 (Tex. App.—Fort Worth Sept. 25, 2025, no pet.) (mem. op., not designated for publication).

We therefore sustain Fernandez's second issue and modify the judgments to delete the $100 fines that were not orally pronounced during sentencing by (1) deleting the $100 fine from the first page of each judgment, (2) unchecking the box next to the "Child[-]Abuse[-]Prevention Fine (Art. 102.0186, Code Crim. Proc.)" and deleting the $100 notation that was added to each judgment, and (3) deleting "CHILD[-]ABUSE[-]PREVENTION FINE IN THE AMOUNT OF $100.00" from the special findings on the last page of each judgment.[6] *See id.*

---

[6]No withholding orders or bills of cost appear in the record, and none were requested to be included in the clerk's record. Fernandez notes that "[t]here is no need to modify an order of withholding in this case as the trial court credited Fernandez time in custody to all monies owed."

## V. Conclusion

Having overruled Fernandez's first issue challenging the sufficiency of the evidence to support his indecency-with-a-child conviction—the only conviction he challenged on appeal—we affirm his convictions. But having sustained his second issue challenging the unpronounced child-abuse-prevention fines, we modify the judgments to delete the $100 fines and affirm the judgments as modified.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: February 12, 2026